# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PNC BANK, NATIONAL ASSOCIATION,
Successor to NATIONAL CITY BANK,
N.A.,

        Plaintiff,

        vs.

HAVENHILLS INVESTMENT COMPANY,
LLC,

and

PAUL J. MCKEE, JR.

and

PAUL J. MCKEE, JR. REVOCABLE
TRUST DATED September 19, 1990

and

SHILOH RC, LLC, as substituted for
PARKSIDE FINANCIAL BANK & TRUST,

and

SHILOH LAND ACQUISITIONS, LLC,
a Missouri limited liability company

and

MCEAGLE LAND ACQUISITIONS, LLC,
a Missouri limited liability company

and

VILLAGE OF SHILOH, a
Municipal corporation,

and

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:15-cv-00483-MJR-DGW

G.J. GREWE DEVELOPMENT COMPANY )
     Serve: Kevin Cushing, )
     Registered Agent )
     120 S. Central Avenue, Suite 1800 )
     St. Louis, MO 63105 )
      )
and )
      )
BARBER MURPHY GROUP, INC. )
     Serve: Paul Murphy, Agent )
     1173 Fortune Blvd. )
     Shiloh, IL 62269 )
      )
     Defendants. )

## SECOND AMENDED VERIFIED COMPLAINT TO FORECLOSE MORTGAGES, FOR BREACH OF NOTE AND GUARANTIES, AND FOR THE APPOINTMENT OF A RECEIVER

COMES NOW Plaintiff PNC Bank, National Association (the "**Plaintiff**" or "**PNC**"), by and through its undersigned counsel, and for its Second Amended Verified Complaint to Foreclose Mortgages and for Breach of Note and Guaranties and for other relief, states as follows:

## PARTIES

1.    PNC is a federally charted national banking association with its main office, as designated in its articles of association, located in Wilmington, Delaware.

2.    PNC is the successor in interest to National City Bank. Effective November 6, 2009, the United States Office of the Comptroller of Currency certified the merger of National City Bank with and into PNC. Effective July 22, 2006, National City Bank of the Midwest merged into National City Bank. A copy of the Certificate evidencing the bank succession set forth above is attached as **Exhibit A.**

24456686v5

3.     Defendant Havenhills Investment Company, LLC ("**Havenhills**") is a Missouri limited liability company, with its office at 1001 Boardwalk Springs Place, O'Fallon, Missouri, and is and was at all times prior to the dissolution of Land Trust #125, the beneficiary of Defendant Land Trust #125 ("Trust #125"), of which Carlinville National Bank, successor by merger to Corn Belt Bank and Trust Company served as Trustee.

4.     The sole member of Havenhills, is Shiloh Land Acquisitions, LLC ("**Shiloh**"), is also a Missouri limited liability company, with its office at 1001 Boardwalk Springs Place, O'Fallon, Missouri

5.     Defendant McEagle Land Acquisitions, LLC ("**McEagle**") is a Missouri limited liability company, with its office at 1001 Boardwalk Springs Place, O'Fallon, Missouri.

6.     Shiloh is also the sole member of McEagle.

7.     Shiloh is a citizen of Missouri in that the members of Defendant Shiloh are all residents and citizens of Missouri:

a.     Paul J. McKee, Jr. Revocable Trust, dated September 19, 1990 has as its trustees, Paul J. McKee, Jr. and Marguerite McKee, who are residents of St. Louis County, Missouri;

b.     PJM Family Trust dated November 14, 2004 has as its trustee, Marguerite McKee, a resident of St. Louis County, Missouri;

c.     Dunlora Trust dated November 15, 2004 has as its trustee. Marguerite McKee, a resident of St. Louis County, Missouri;

d.     Paul J. McKee III Revocable Trust dated January 28, 1997 has as its trustee, Paul J. McKee III, a resident of St. Louis County, Missouri;

3

e.     Marguerite A. Brown Revocable Trust dated July 8, 1998 has as its trustee, Marguerite A. Brown a resident of St. Louis County, Missouri;

f.     Kathleen J. Mitchell Revocable Trust dated July 29, 1998 has as its trustee Kathleen J. Mitchell, a resident of St. Louis County, Missouri;

g.     Christopher P. McKee Revocable Trust dated July 28, 1998 has as its trustee, Christopher P. McKee, a resident of St. Louis County, Missouri (collectively the "**Trust Members**"). Attached hereto and incorporated by reference herein as **Exhibit B** is Appendix A to the Operating Agreement of Shiloh listing each of its members.

8.     Upon information and belief the beneficiaries of the Trust Members are the trustees of each of the trusts referenced in Paragraph 7 above.

9.     Defendant Shiloh RC, LLC ("Shiloh RC") is a Missouri limited liability company and has been substituted pursuant to Fed.R.Civ.P. 25(c) for Parkside Financial Bank & Trust ("**Parkside**") is a Missouri trust company regulated by the Missouri Division of Finance, its holding company is Parkside Financial, Inc., a Missouri corporation.  The headquarters and principal place of business of Parkside and Parkside Financial, Inc. is located in Clayton, Missouri, and therefore Parkside is a citizen of the State of Missouri.  The substitution of Shiloh RC, in accordance with Fed.R.Civ.P. 25(c), does not affect this Court's jurisdiction, but Shiloh RC's members are citizens of the State of Missouri.

10.    Defendant Village of Shiloh ("**Village**") is a municipal corporation located in St. Clair County Illinois, and is a citizen of the state of Illinois.

11.    Defendant Paul J. McKee, Jr ("**McKee**") is a resident and citizen of St. Louis County in the State of Missouri.

4

12.    Defendant Paul J. McKee, Jr. Revocable Trust, dated September 19, 1990 (the **McKee Trust**") has as its trustees, Paul J. McKee, Jr. and Marguerite McKee, who are residents and citizens of St. Louis County in the State of Missouri.

13.    Defendant G.J.Grewe Development Company ("**Grewe**") is a Missouri corporation with its headquarters and principal place of business, in St. Louis County. Therefore, Grewe is a citizen of the State of Missouri.

14.    Defendant Barber Murphy Group, Inc. ("**Barber**") is an Illinois corporation with its headquarters and principal place of business in St. Clair County. Therefore, Barber is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction under 28 U.S.C. §1332(a) because, as a national banking association, PNC is a citizen of Delaware, 28 U.S.C. §1348, each of the Defendants is either a citizen of Illinois or a citizen of Missouri, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

16.    Venue is proper in this District under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District and the real property being foreclosed upon is located in this District.

## FACTUAL BACKGROUND

17.    On May 17, 2006, Havenhills and Carlinville National Bank (successor by merger to Corn Belt Bank and Trust Company) as Trustee of Land Trust #125[1] ("Land Trust #125"), executed a promissory note in the principal sum of $3,777,750.00 (the "**Original Note**") in favor

---

[1] In a restructuring in 2012, Land Trust #125 was terminated and the assets of Land Trust #125 were conveyed to Havenhills, which had been the beneficiary of Land Trust #125. Therefore, Land Trust #125 is not a party to this action.

24456686v5

of National City Bank of the Midwest. A true and correct copy of the Original Note is attached as **Exhibit C-1.**

18. The Original Note was superseded by a note dated November 28, 2006, in the principal amount of $8,299,693.00 (the "**Second Note**"). A true and correct copy of the Second Note is attached as **Exhibit C-2.**

19. The Second Note was amended and restated on several occasions with the last Amended and Restated Promissory Note being executed by Havenhills and Land Trust #125 on March 31, 2009, in the principal amount of $8,309,966.59 (the "**Note**"). A true and correct copy of the Note is attached hereto as **Exhibit C-3.**

20. In order to induce National City to enter into the Second Note, on November 28, 2006, Defendants McKee and the McKee Trust (collectively "**Guarantors**") each executed a Guaranty dated November 28, 2006 in which Guarantors jointly and severally, unconditionally guaranteed the indebtedness to PNC's predecessor when due on the terms and conditions set forth in the Guaranty. True and correct copies of the Guarantees executed by McKee and the McKee Trust are attached as **Exhibits D-1 and D-2.**

21. The Note is secured by, among other things, a Mortgage, Security Agreement, Financing Statement and Assignment of Rents and Leases dated May 17, 2006, and recorded May 18, 2006, as Document Number A01978718, a First Amendment to Mortgage, Security Agreement, Financing Statement and Assignment of Rents and Leases dated November 28, 2006, and recorded November 30, 2006, as Document Number A02014555, a Second Amendment to Mortgage, Security Agreement, Financing Statement and Assignment of Rents and Leases dated December 4, 2006, and recorded December 6, 2006, as Document Number A02015520, and a Third Amendment to Mortgage, Security Agreement, Financing Statement

24456686v5

and Assignment of Rents and Leases dated February 29, 2008, and recorded March 10, 2008, as Document Number A02093896 (collectively the "**Mortgage**"), on the real estate located in Shiloh, Illinois, as described in said Mortgage. True and correct copies of the Mortgage as amended from time to time are attached hereto as **Exhibits E-1, E-2, E-3, and E-4**.

22.     The Note is also secured by the First Amended and Restated Pledge Agreement and Security Agreement dated November 28, 2006, as amended by that certain First Amendment to the First Amended and Restated Pledge and Security Agreement dated December 4, 2006, and as further amended by that certain Second Amendment to the First Amended and Restated Pledge and Security Agreement dated February 29, 2008 (collectively "**Pledge Agreement**").

23.     The Note is also secured by a Second Mortgage executed by McEagle dated June 27, 2008 (the "**McEagle Mortgage**"). A true and correct copy of the McEagle Mortgage is attached hereto as **Exhibit F**.

24.     The Note is also secured by the Collateral Assignment Of Rights With Respect To Districts dated September 22, 2009 (the "**Assignment**") executed by Havenhills and McEagle, and the Collateral Pledge Agreement executed by McEagle dated September 22, 2009 (the "**Collateral Pledge**"). The Assignment and Collateral Pledge were amended and restated by an Amended and Restated Collateral Assignment of Rights with Respect to Districts and Development Agreements dated May 23, 2012 ("**Amended Assignment**") and an Amended and Restated Collateral Pledge Agreement dated May 23, 2012 (the "**Amended Collateral Pledge**"). True and correct copies of the Assignment and Amended Assignment are attached hereto as **Exhibits G-1** and **G-2**, respectively. True and correct copies of the Collateral Pledge and Amended Collateral Pledge, are attached hereto as **Exhibits H-1** and **H-2**, respectively.

25. Under the terms of the Collateral Pledge and Assignment, McEagle and Havenhills pledged their rights in connection with certain districts and ordinances established by the Village of Shiloh, Illinois by Ordinance 2008-11-03C which established the Three Springs at Shiloh Business District, and by Ordinance 2008-11-17C which approved a Tax Increment Financing Redevelopment Plan and Project for the Three Springs at Shiloh Project Area, and by Ordinance 2008-12A which established Special Service Area Number Two (Three Springs at Shiloh) (the districts established by said ordinances are collectively hereinafter defined as the "**Districts**").

26. The Note, the Mortgage, the Pledge Agreement, the McEagle Mortgage, the Guarantees, the Assignment, the Collateral Pledge, the Amended Assignment, the Amended Collateral Pledge and the intercreditor agreements between PNC and Parkside, are collectively referred to as the "**Loan Documents**".

27. As a result of defaults under the Note, the Loan Documents were modified by a certain Forbearance Agreement executed by McEagle, Havenhills, Land Trust #125, McKee and McKee Trust dated June 30, 2009 ("**Original Forbearance Agreement**") and a second Forbearance Agreement dated September 22, 2009 ("**Second Forbearance Agreement**") A true and correct copy of the Original Forbearance Agreement and the Second Forbearance Agreement are attached hereto as **Exhibits I-1 and I-2.**

28. On or about May 22, 2012, McKee, the McKee Trust, McEagle, Havenhills and Shiloh executed a third Forbearance Agreement under the terms of which it was acknowledged, among other things, that the real estate formerly owned by Land Trust #125 was conveyed to Havenhills, and that Havenhills, McEagle and Shiloh assumed all obligations under the Loan Documents, such that they are the primary obligors under the Loan Documents ("**Third**

Forbearance Agreement"). A true and correct copy of the Third Forbearance Agreement is attached hereto as **Exhibit J**. The Original Forbearance Agreement, the Second Forbearance Agreement and the Third Forbearance Agreement are collectively referred to as the "**Forbearance Agreements**")

29. In connection with the Third Forbearance Agreement, Shiloh negotiated with the Village to provide Tax Increment Financing ("**TIF Financing**") to finance part of the cost of the infrastructure for Shiloh's development project (the "**Project**").

30. In connection with providing such TIF Financing, Shiloh and the Village, with the PNC's consent, entered into a Development Agreement dated June 30, 2011 for the Three Springs at Shiloh TIF Project and a Business District and Special Services Area Development Agreement dated June 30, 2011 for the Three Springs at Shiloh Business District Project and Special Services Area (said two agreements are collectively referred to as the "**Development Agreements**").

31. Pursuant to the Amended Assignment and the Amended Collateral Pledge, **Exhibits G-2** and **H-2** respectively, Shiloh, McEagle and Havenhills, assigned to PNC their rights under both the Districts and the Development Agreements.

32. Section 5.5 of the Development Agreement dated June 30, 2011 for the Three Springs at Shiloh TIF Project required Shiloh grant or cause its subsidiaries to grant the Village a first mortgage on a portion of the real estate that was encumbered by the Mortgage (the "**Village Collateral**") to secure payment of part of the TIF bonds being issued by the Village.

33. PNC entered into an Intercreditor and Subordination Agreement with the Village and Parkside subordinating the lien of the PNC mortgage on the Village Collateral to the

Village's mortgage on the Village Collateral. The Village Collateral is referenced herein as Parcel No. 3 in Count III herein.

34.     The Third Forbearance Agreement terminated and after several months, Plaintiff sent out a demand to McKee, McKee Trust, McEagle, Havenhills and Shiloh on August 29, 2014.

35.     McKee, McKee Trust, McEagle, Havenhills and Shiloh all failed to make any payment under the Note.

36.     On April 22, 2015, Plaintiff renewed its demand for full payment under the Note.

37.     McKee, McKee Trust, McEagle, Havenhills and Shiloh have continued in their failure to make any payment under the Note, despite the passage of the maturity date and the execution of three forbearance agreements.

38.     Defendant Barber may hold an interest in the real estate subject to the Mortgage and the McEagle Mortgage by virtue of a commercial listing agreement.

39.     Defendant Grewe asserts an interest in the real estate subject to the Mortgage under a sale contract executed with Havenhills on April 14, 2015.

## COUNT I
### (Mortgage Foreclosure Parcel No. 1)

40.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 39 of the Complaint and makes them part of Count I herein.

41.     PNC files this complaint to foreclose the mortgage hereinafter described and joins the following persons and/or entities as defendants: Havenhills, Shiloh RC, as successor to Parkside, the Village, Shiloh, Barber, and Grewe.

42.     Information concerning the Mortgage:

(A)     Nature of instrument:          Mortgage, Security Agreement, Financing

10

Statement and Assignment of Rents and Leases, **Exhibits E-1, E-2, E-3 and E-4.**

(B)    Date of mortgage:     May 17, 2006, as amended November 28, 2006, December 4, 2006 and February 28, 2008.

(C)    Name of mortgagor:     Havenhills Investment Company, LLC

(D)    Name of mortgagee:     PNC Bank, National Association, successor to National City Bank.

(E)    Date and place of recording:     May 18, 2006 at the Office of the Recorder of Deeds of St. Clair County, Illinois.
First Amendment Recorded November 30, 2006;

Second Amendment Recorded December 6, 2006; and
Third Amendment Recorded March 10, 2008.

(F)    Identification of recording:     Document No. A01978718.
Document No. A02014555.
Document No. A02015520.
Document No. A02093896.

(G)    Interest subject to Mortgage:     Fee simple estate

(H)    Amount of indebtedness:     $8,320,750.00

(I)    The legal description of the mortgaged real estate and the common address:

    (i)    <u>Legal Description</u>:

        See **Exhibit K** attached.

    (ii)    <u>Common Address</u>:  1152 N. Green Mount Road, Shiloh, Illinois 62221 (the "**Premises**")

    (iii)    Tax identification numbers:  09-06.0-100-011
09-06.0-100-012
Note for 2014 and future years

24456686v5

09-06.0-100-011 has been split into
09-06.0-100-013 and
09-06.0-100-014

(J) Statement as to defaults, including, but not necessarily limited to, date of default, current unpaid balance, per diem interest accruing and any further information concerning the defaults:

    (i) Defendants Havenhills, Shiloh, and McEagle have defaulted by failing to pay the amount due under the Note upon the maturity date, and subsequently at the expiration of all forbearance periods.

    (ii) Payments secured by the Mortgage that have become due and payable under the Note are in default and arrears in the total amount of $10,738,313.84 as of April 22, 2015, representing unpaid principal in the amount of $8,297,525.54; accrued, unpaid interest in the amount of $1,908,105.67; late charges in the amount of $532,682.67 and attorney's fees and expenses.

    (iii) In addition to the aforesaid amounts, an amount must be added for interest accrued from April 22, 2015 at the rate of LIBOR + 500 basis points, as well as court costs, title costs and other costs of collection as provided in the Note, including but not limited to, the Plaintiff's attorneys' fees and costs.

(K) Present owner of real estate:   Havenhills Investment Company, LLC.

(L) Names of other persons who are joined as defendants and whose interests in or lien on the mortgaged real estate is sought to be terminated:

Shiloh RC, as successor to Parkside Financial Bank & Trust, Shiloh Land Acquisition, LLC, Village of Shiloh, Barber-Murphy Group, Inc., and G.J. Grewe Development Company

(M) Name of Persons who may be personally liable for deficiency, if any:

Paul J. McKee, Jr. and Paul J. McKee, Jr. Revocable Trust Dated September 19, 1990.

(N) Capacity in which plaintiff brings this foreclosure:  As the legal owner and legal holder of the Mortgage and the Note.

(O) Facts in support of redemption period shorter than the longer of (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or

(II) have otherwise submitted to the jurisdiction of the court, or (ii) 3 months from the entry of the judgment of foreclosure, if sought: None.

(P)    Statement that the right of redemption has been waived by all owners of record, if applicable: In Section 17 of the Mortgage, mortgagor expressly waives any and all rights of redemption from sale under any order or decree of foreclosure.

(Q)    Facts in support of request for attorneys' fees and costs and expenses, if applicable: Plaintiff has been required to retain counsel for prosecution of this foreclosure and has incurred substantial attorney fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by said mortgage, which provides for such inclusion. Furthermore, the Note, Mortgage and other documents executed by Defendants Havenhills, McKee, McKee Trust, McEagle and Shiloh provide for the payment of such fees.

(R)    Facts in support of request for appointment of mortgagee in possession or for appointment of receiver, and identity of such receiver, if sought: The Mortgage provides for the appointment of a receiver and for the assignment of rents, issues, profits, revenues, income or other benefits, if any, to the Mortgagee. Good cause exists to appoint a receiver in that Shiloh and the Village, with the Plaintiff's consent, previously given, have entered into a Development Agreement (the "**Development Agreement**"), and a Business District and Special Services Area Development Agreement (the "**Business District Development Agreement**"), and any foreclosure of the Premises will necessarily involve the incentives with respect to the Premises. Additionally the rights of Shiloh under the Development Agreement and the Business District and Special Services Area Development Agreement have been collaterally assigned to Plaintiff as security for repayment of the Note. The Plaintiff requests that the court appoint PACE Properties, Inc., 1401 S. Brentwood Boulevard, Suite 900, St. Louis, MO 63144.

(S)    The Plaintiff does not offer to Mortgagor in accordance with 735 ILCS 5/15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale.

(T)    Name or names of Defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and if not elsewhere stated, the facts in support thereof:

        (i)    Shiloh RC, as successor to Parkside Financial Bank & Trust, as its mortgage is junior in priority to that of PNC.

13

Shiloh, McEagle, Havenhills, Grewe and Barber as parties
with legal or equitable interests junior to the mortgage.

WHEREFORE, the Plaintiff respectfully requests:

(a) A judgment of foreclosure and sale;

(b) A personal judgment for deficiency, if applicable and sought;

(c) An order granting possession, if sought;

(d) An order appointing a receiver;

(e) A judgment for attorneys' fees, costs and expenses;

(f) an order appointing a selling officer, if deemed appropriate by this Court; and

(g) Such other and further relief as this Court deems just and proper.

## COUNT II
### (Mortgage Foreclosure Parcel No. 2)

43. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 39 of the Complaint and makes them part of Count II herein.

44. Plaintiff files this complaint to foreclose the mortgage hereinafter described and joins the following persons and/or entities as defendants: McEagle, Shiloh, Village, Barber and Grewe.

45. Information concerning the Mortgage:

(A) Nature of instrument: Second Mortgage, Security Agreement, Financing Statement and Assignment of Rents and Leases, **Exhibit F**.

(B) Date of mortgage: June 27, 2008.

(C) Name of mortgagor: McEagle Land Acquisitions, LLC.

(D) Name of mortgagee: PNC Bank, National Association, successor to National City Bank.

14

(E)     Date and place of recording:    July 2, 2008 at the Office of the Recorder of Deeds of St. Clair County, Illinois.

(F)     Identification of recording:    Document No. A02112235.

(G)     Interest subject to Mortgage:   Fee simple estate.

(H)     Amount of original indebtedness: $8,320,750.00.

(I)      The legal description of the mortgaged real estate and the common address:

       (i)     <u>Legal Description</u>:

            See **Exhibit L** attached.

       (ii)    <u>Common Address</u>:   Mensing Parcels (the "**McEagle Premises**")

       (iii)   Tax identification numbers:   09-06.0-100-010
                                          09-06.0-100-009

(J)      Statement as to defaults, including, but not necessarily limited to, date of default, current unpaid balance, per diem interest accruing and any further information concerning the defaults:

       (i)     Defendants Shiloh, McEagle and Havenhills have defaulted by failing to pay the amount due under the Note upon the maturity date, and subsequently at the expiration of all forbearance periods.

       (ii)    Payments secured by the Mortgage that have become due and payable under the Note are in default and arrears in the total amount of $10,738,313.84 as of April 22, 2015, representing unpaid principal in the amount of $8,297,525.54; accrued, unpaid interest in the amount of $1,908,105.67; late charges in the amount of $532,682.67 and attorney's fees and expenses.

       (iii)   In addition to the aforesaid amounts, an amount must be added for interest accrued from April 22, 2015 at the rate of LIBOR + 500 basis points, as well as court costs, title costs and other costs of collection as provided in the Note, including but not limited to, the Plaintiff's attorneys' fees and costs.

(K)     Present owner of real estate:   McEagle Land Acquisitions, LLC.

(L)     Names of other persons who are joined as defendants and whose interests in or lien on the mortgaged real estate is sought to be terminated:

24456686v5

Village, Shiloh, McEagle, Grewe, and Barber.

(M)     Name of Persons who may be personally liable for deficiency, if any:

Paul J. McKee, Jr. and Paul J. McKee, Jr. Revocable Trust Dated September 19, 1990.

(N)     Capacity in which plaintiff brings this foreclosure: As the legal owner and legal holder of the Mortgage and the Note.

(O)     Facts in support of redemption period shorter than the longer of (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the court, or (ii) 3 months from the entry of the judgment of foreclosure, if sought: None.

(P)     Statement that the right of redemption has been waived by all owners of record, if applicable: In Section 17 of the Mortgage, mortgagor expressly waives any and all rights of redemption from sale under any order or decree of foreclosure.

(Q)     Facts in support of request for attorneys' fees and costs and expenses, if applicable: Plaintiff has been required to retain counsel for prosecution of this foreclosure and has incurred substantial attorney fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by said mortgage, which provides for such inclusion. Furthermore, the Mortgage and other Loan Documents executed by McEagle provide for the payment of such fees.

(R)     Facts in support of request for appointment of mortgagee in possession or for appointment of receiver, and identity of such receiver, if sought: The Mortgage provides for the appointment of a receiver and for the assignment of rents, issues, profits, revenues, income or other benefits, if any, to the Mortgagee. Good cause exists to appoint a receiver in that Shiloh and the Village, with the Plaintiff's consent, previously given, have entered into a Development Agreement (the "**Development Agreement**"), and a Business District and Special Services Area Development Agreement (the "**Business District Development Agreement**"), and any foreclosure of the Premises will necessarily involve the incentives with respect to the Premises. Additionally the rights of Shiloh under the Development Agreement and the Business District and Special Services Area Development Agreement have been collaterally assigned to Plaintiff as security for repayment of the Note. The Plaintiff requests that the court appoint PACE Properties, Inc., 1401 S. Brentwood Boulevard, Suite 900, St. Louis, MO 63144.

16

(S)     The Plaintiff does not offer to Mortgagor in accordance with 735 ILCS 5/15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale.

(T)     Name or names of Defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and if not elsewhere stated, the facts in support thereof:

     (i)     McEagle, Shiloh, Barber, Grewe and Village.

WHEREFORE, the Plaintiff respectfully requests:

(a)     A judgment of foreclosure and sale;

(b)     A personal judgment for deficiency, if applicable and sought;

(c)     An order granting possession, if sought;

(d)     An order appointing a receiver;

(e)     A judgment for attorneys' fees, costs and expenses;

(f)     an order appointing a selling officer, if deemed appropriate by this Court;

     and

(g)     Such other and further relief as this Court deems just and proper.

## COUNT III
### (Mortgage Foreclosure Parcel No. 3)

46.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 39 of the Complaint and makes them part of Count III herein.

47.     Plaintiff files this complaint to foreclose the mortgage hereinafter described and joins the following persons and/or entities as defendants: Havenhills, Shiloh RC, as successor to Parkside Financial Bank & Trust, McEagle, Grewe, and Barber.

48.     Information concerning the Mortgage:

24456686v5

| (A) | | Nature of instrument: Mortgage, Security Agreement, Financing Statement and Assignment of Rents and Leases, **Exhibits E-1, E-2, E-3 and E-4**. |
| --- | --- | --- |
| (B) | Date of mortgage: | May 17, 2006, as amended November 28, 2006, December 4, 2006 and February 28, 2008. |
| (C) | Name of mortgagor: | Havenhills Investment Company, LLC |
| (D) | Name of mortgagee: | PNC Bank, National Association, successor to National City Bank, N.A. |
| (E) | Date and place of recording: | May 18, 2006 at the Office of the Recorder of Deeds of St. Clair County, Illinois; First Amendment Recorded November 30, 2006; Second Amendment Recorded December 6, 2006; and Third Amendment Recorded March 10, 2008. |
| (F) | Identification of recording: | Document No. A01978718 Document No. A02014555 Document No. A02015520 Document No. A02093896 |
| (G) | Interest subject to Mortgage: Fee simple estate. | |
| (H) | Amount of original indebtedness: $8,320,750.00. | |

(I) The legal description of the mortgaged real estate and the common address:

    (i)    <u>Legal Description</u>:

        See **Exhibit M** attached.

    (ii)    <u>Common Address</u>: North Collateral consisting of 9.520 Acres and South Collateral consisting of 30.411 Acres (the "**Village Collateral**").

    (iii)    Tax identification numbers:    09-05.0-103-001
                                                   09-05.0-102-001
                                                   09-05.0-102-002

24456686v5

(J)  Statement as to defaults, including, but not necessarily limited to, date of default, current unpaid balance, per diem interest accruing and any further information concerning the defaults:

    (i)  Defendants Havenhills, Shiloh and McEagle have defaulted by failing to pay the amount due under the Note upon the maturity date, and subsequently at the expiration of all forbearance periods.

    (ii)  Payments secured by the Mortgage that have become due and payable under the Note are in default and arrears in the total amount of $ 10,738,313.84 as of April 22, 2015, representing unpaid principal in the amount of $8,297,525.54; accrued, unpaid interest in the amount of $1,908,105.67; late charges in the amount of $532,682.67 and attorney's fees and expenses.

    (iii)  In addition to the aforesaid amounts, an amount must be added for interest accrued from April 22, 2015 at the rate of LIBOR + 500 basis points, as well as court costs, title costs and other costs of collection as provided in the Note, including but not limited to, the Plaintiff's attorneys' fees and costs.

(K)  Present owner of real estate:  Havenhills Investment Company, LLC.

(L)  Names of other persons who are joined as defendants and whose interests in or lien on the mortgaged real estate is sought to be terminated:

Shiloh RC, as successor to Parkside Financial Bank & Trust, Shiloh Land Acquisition, LLC, McEagle Land Acquisitions, LLC, Grewe and Barber.

(M)  Name of Persons who may be personally liable for deficiency, if any:

Paul J. McKee, Jr. and Paul J. McKee, Jr. Revocable Trust Dated September 19, 1990.

(N)  Capacity in which plaintiff brings this foreclosure: As the legal owner and legal holder of the Mortgage and the Note.

(O)  Facts in support of redemption period shorter than the longer of (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the court, or (ii) 3 months from the entry of the judgment of foreclosure, if sought:  None.

(P)  Statement that the right of redemption has been waived by all owners of record, if applicable:  In Section 17 of the Mortgage, mortgagor expressly

waives any and all rights of redemption from sale under any order or decree of foreclosure.

(Q)     Facts in support of request for attorneys' fees and costs and expenses, if applicable: Plaintiff has been required to retain counsel for prosecution of this foreclosure and has incurred substantial attorney fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by said mortgage, which provides for such inclusion. Furthermore, the Note, Mortgage and other documents executed by Havenhills provide for the payment of such fees.

(R)     Facts in support of request for appointment of mortgagee in possession or for appointment of receiver, and identity of such receiver, if sought: The Mortgage provides for the appointment of a receiver and for the assignment of rents, issues, profits, revenues, income or other benefits, if any, to the Mortgagee. Additionally, good cause exists to appoint a receiver in that Shiloh and the Village, with the Plaintiff's consent, previously given, have entered into the Development Agreement and the Business District Development Agreement, and any foreclosure of the Village Collateral will necessarily involve the incentives with respect to the Village Collateral. Finally, the rights of Shiloh under the Development Agreement and the Business District and Special Services Area Development Agreement have been collaterally assigned to Plaintiff as security for repayment of the Note. The Plaintiff requests that the court appoint PACE Properties, Inc., 1401 S. Brentwood Boulevard, Suite 900, St. Louis, MO 63144.

(S)     The Plaintiff does not offer to Mortgagor in accordance with 735 ILCS 5/15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale.

(T)     Name or names of Defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and if not elsewhere stated, the facts in support thereof:

(ii)    Shiloh RC, as successor to Parkside Financial Bank & Trust, Havenhills Investment Company, LLC, Shiloh Land Acquisitions, LLC, G.J. Grewe Development Company, and Barber-Murphy Group, Inc..

WHEREFORE, the Plaintiff respectfully requests:

(a)     A judgment of foreclosure and sale;

(b)     A personal judgment for deficiency, if applicable and sought;

20

(c)     An order granting possession, if sought;

(d)     An order appointing a receiver;

(e)     A judgment for attorneys' fees, costs and expenses;

(f)     an order appointing a selling officer, if deemed appropriate by this Court; and

(g)     Such other and further relief as this Court deems just and proper.

## COUNT IV
### (Suit on Promissory Note)

49.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 48 of this Complaint as if such were fully set forth herein.

50.     Havenhills, McEagle and Shiloh unconditionally assumed all obligations of Land Trust #125, Havenhills and McEagle under the Loan Documents.

51.     Plaintiff is payee, owner, and holder of the Note.

52.     Havenhills, McEagle and Shiloh have defaulted on the Note by failing to make payments as required by the terms of Note which matured on August 30, 2009, and has been the subject of three (3) separate forbearance agreements as set forth above.

53.     Havenhills, McEagle and Shiloh's failure to make the required payments constitutes a default under the Note.

54.     Plaintiff served a notice of default and demand upon Havenhills, McEagle and Shiloh on August 29, 2014 and most recently sent Havenhills, McEagle and Shiloh correspondence on April 22, 2015 containing a notice of default and a demand for payment in full ("**Demand Letters**"). True and correct copies of the Demand Letters are attached to this Complaint as **Exhibits N-1 and N-2**.

24456686v5

55.     Notwithstanding Plaintiff's demands, Havenhills, McEagle and Shiloh have failed to pay the amounts due and owing to Lender under the Note.

56.     The Note and Mortgage provides that Havenhills, McEagle and Shiloh shall pay Plaintiff's costs of collection, including attorneys' fees and costs incurred by Plaintiff in enforcing its rights under Note.

57.     The following amounts are due and owing by Havenhills, McEagle and Shiloh to Plaintiff under the Note: unpaid principal in the amount of $8,297,525.54; accrued, unpaid interest in the amount of $1,908,105.67; late charges in the amount of $532,682.67, for a total of arrears in the total amount of $10,738,313.84 as of April 22, 2015, together with additional interest, attorneys' fees, costs, and expenses in an amount to be determined.

WHEREFORE, Plaintiff respectfully requests judgment against Havenhills Investment Company, LLC, Shiloh Land Acquisitions, LLC and McEagle Land Acquisitions, LLC, jointly and severally in the amount of $8,297,525.54; accrued, unpaid interest in the amount of $1,908,105.67; late charges in the amount of $532,682.67, for a total of amount of $10,738,313.84 as of April 22, 2015, plus interest thereon from April 22, 2015 at the contract rate under the Note, its costs of collection, including attorneys' fees as provided for in Note, court costs and for such other and further relief as this Court deems just and proper.

## COUNT V
### (Suit on Guaranty)

58.     PNC repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 57.

59.     Paul J. McKee, Jr. as Trustee of the Paul J. McKee, Jr. Revocable Trust dated September 1990, as amended (the "Trust") executed a Continuing Unlimited Guaranty dated November 28, 2006 under the terms of which the Trust unconditionally guaranteed prompt

24456686v5

payment of the obligations under the Amended and Restated Note dated November 28, 2006, as the same may be amended, renewed, modified or restated from time to time (the "Original Note"). A true and correct copy of the Continuing Unlimited Guaranty of the Trust is attached hereto as **Exhibit D-2.**

60. In reliance on the Guaranty, PNC extended the loan to Havenhills and Corn Belt Bank and Trust, as Trustee of Land Trust #125.

61. The Guaranty provides that PNC is entitled to collect from Defendant Trust all indebtedness of Defendants Havenhills and Corn Belt Bank and Trust, as Trustee of Land Trust #125 under the Original Note, including attorneys' fees and costs incurred in enforcement of said Original Note and Guaranty.

62. The Trust has reaffirmed and ratified its Guaranty with each successive amended and restated note, as well as with the execution of each of Forbearance Agreements.

63. Defendant Havenhills defaulted with respect to the Original Note, the Second Note, the Note and the Forbearance Agreements.

64. PNC has made demand upon Defendant Trust for payment of the aforesaid sums due to PNC, but Defendant Trust has failed and refused to pay said sums to PNC. True and correct copies of the demand letters are attached hereto as **Exhibits N-1 and N-2.**

65. PNC has performed all conditions precedent to enforcement of the Guaranty.

WHEREFORE, Plaintiff PNC Bank, National Association, successor to National City Bank, respectfully requests that this Court enter judgment in its favor and against Defendant Paul J. McKee, Jr. as Trustee of the Paul J. McKee, Jr. Revocable Trust dated September 1990, as amended, in the amount of $10,738,313.84 as of April 22, 2015, representing unpaid principal in the amount of $8,297,525.54; accrued, unpaid interest in the amount of $1,908,105.67; late

23

charges in the amount of $532,582.67; attorney's fees and expenses; interest at the rate of LIBOR plus 500 basis points from and after April 22, 2015 through the date of judgment and for further relief that this Court deems just and proper.

## COUNT VI
### Suit on Guaranty

66.     PNC repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 65.

67.     Paul J. McKee, Jr. ("McKee") executed a Continuing Unlimited Guaranty dated November 28, 2006 under the terms of which McKee unconditionally guaranteed prompt payment of the obligations under the Amended and Restated Note dated November 28, 2006, as the same may be amended, renewed, modified or restated from time to time (the "Original Note"). A true and correct copy of the Continuing Unlimited Guaranty of McKee is attached hereto as **Exhibit D-1**.

68.     In reliance on the Guaranty, PNC extended the loan to Havenhills and Land Trust #125.

69.     The Guaranty provides that PNC is entitled to collect from Defendant McKee all indebtedness of Defendants Havenhills and Land Trust #125 under the Original Note, including attorneys' fees and costs incurred in enforcement of said Original Note and Guaranty.

70.     McKee has reaffirmed and ratified his Guaranty with each successive amended and restated note, as well as with the execution of each of Forbearance Agreements.

71.     Defendant Havenhills defaulted with respect to the Original Note, the Second Note, the Note and the Forbearance Agreements.

24456686v5

72.     PNC has made demand upon Defendant McKee for payment of the aforesaid sums due to PNC, but Defendant McKee has failed and refused to pay said sums to PNC. True and correct copies of the demand letters are attached hereto as **Exhibits N-1 and N-2**.

73.     PNC has performed all conditions precedent to enforcement of the Guaranty.

WHEREFORE, Plaintiff PNC Bank, National Association, successor to National City Bank, respectfully requests that this Court enter judgment in its favor and against Defendant Paul J. McKee, Jr. in the amount of $10,738,313.84 as of April 22, 2015, representing unpaid principal in the amount of $8,297,525.54; accrued, unpaid interest in the amount of $1,908,105.67; late charges in the amount of $532,682.67; attorney's fees and expenses; interest at the rate of LIBOR plus 500 basis points from and after April 22, 2015 through the date of judgment and for further relief that this Court deems just and proper.

<u>**COUNT VII**</u>
<u>**(Appointment of Receiver)**</u>

74.     PNC repeats and incorporates by reference herein the allegations set forth in paragraphs 1 through 73.

75.     As set forth above, the Note is secured by, among other things, the Assignment, the Collateral Pledge, the Amended Assignment and the Amended Collateral Pledge under the terms of which the rights of Shiloh, McEagle and Havenhills under the Districts and the Development Agreements (collectively the "Contract Rights") have been collaterally assigned to Plaintiff

76.     Further, the Note is secured by, among other things, the Mortgage, as amended, and the McEagle Mortgage (collectively the "Mortgages"), each of which provide for the appointment of a receiver. *See* Exhibit E, p. 7; Exhibit F, p. 7.

24456686v5

77. By statute, PNC is entitled to the appointment of a receiver, because "whenever a mortgagee entitled to possession so requests, the Court *shall* appoint a Receiver, and the mortgagee *shall* be entitled to designate the Receiver." 735 ILCS § 5/15-1702(a) and (b), emphasis added.

78. Additionally, this Court is empowered to appoint a receiver pursuant to 28 U.S.C. § 754; and Rule 66 of the Federal Rule of Civil Procedure.

79. This Court has the power pursuant to 28 U.S.C. § 754 to appoint a receiver to take over and manage and do any actions deemed necessary by the receiver and approved by this court to protect the assets then placed under management by the receiver.

80. A receiver is just and necessary to keep and preserve the PNC's security interest in the Contract Rights together with the real property and personal property described in the Mortgages for the following reasons:

    a. Havenhills and McEagle agreed to the appointment of a receiver in the event of default under the Note;

    b. PNC lacks other good and sufficient security from Shiloh, Havenhills and McEagle to further secure the Note;

    c. Shiloh, Havenhills and McEagle are in default under the Note, and no cure of said default in prospect;

    d. PNC has a vested interest in the completion of the development and the realization of value from the Contract Rights assigned as additional security for repayment of the Note;

    e. Shiloh, Havenhills and McEagle lack funding to develop the real estate and maximize its value; and the passage of time continues to dissipate the value of the

Contract Rights, and PNC is legitimately fearful that its collateral has been, is and will continue to be dissipated without the appointment of a receiver;

81.     PNC has no adequate remedy at law, and is in need of this Court's Order Appointing a Receiver to protect its interests in the real estate and personal property encumbered by the Mortgages and the Contract Rights (collectively the "Collateral") and to keep, preserve and maintain the Collateral, and sell or dispose of the Collateral subject to Court approval;

82.     Without the appointment of a receiver to take control of the Collateral and to enforce all rights of PNC in said Collateral, the Lender will suffer irreparable injury and loss.

83.     PNC reserves the right, pursuant to the Mortgages set forth herein and pursuant to the Loan Documents, to pursue any and all other remedies with respect to the Note described above, which may be available to PNC pursuant to the Loan Documents or applicable law.

84.     PNC seeks appointment of Pace Properties, Inc., a suitable and capable person, to serve as receiver for the Collateral.

WHEREFORE, for Count VII of its Complaint, Plaintiff PNC Bank prays this honorable Court for its Order appointing Pace Properties, Inc. to serve as Receiver with respect to the Collateral; and for such other and further orders at the Court deems just and proper.

Respectfully submitted,

**LATHROP & GAGE LLP**


/s/Wendi Alper-Pressman
Wendi Alper-Pressman #32906MO
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri  63105
Telephone: 314.613.2800
Telecopier: 314.613.2801
**Attorneys for Plaintiff**

27

# CERTIFIED VERIFICATION

STATE OF Michigan ) 
                  )     ss.
COUNTY OF Oakland )

   Chad Minton, being first duly sworn upon his oath, deposes and states, under penalties as provided by law pursuant to 735 ILCS 5/1-109, that he is a Vice President at PNC Bank, National Association, the Plaintiff in the above captioned matter, and that as such, he is authorized to make this Certified Verification. He deposes and states that he has read the foregoing Complaint, that he knows the contents thereof, and that the matters and things alleged therein are true and correct to the best of his knowledge, information, and belief. He further deposes and states that plaintiff seeks in excess of $75,000.00.

Subscribed and sworn before me this 26th day of August 2015.

Notary Public

My Commission Expires: 10-18-2019

SHARON L. GRIMM
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF MACOMB
My Commission Expires Oct. 18, 2019
Acting in the County of Oakland