IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-483-DGW |
| | ) | |
| HAVENHILLS INVESTMENT COMPANY, | ) | |
| LLC, PAUL J. MCKEE, JR., PAUL J. | ) | |
| MCKEE, JR. REVOCABLE TRUST DATED | ) | |
| SEPTEMBER 19, 1990, SHILOH LAND | ) | |
| ACQUISITIONS, LLC, MCEAGLE LAND | ) | |
| ACQUISITIONS, LLC, VILLAGE OF | ) | |
| SHILOH, CHRISTOPHER P. MCKEE, | ) | |
| CHRISOPER P. MCKEE, TRUSTEE OF | ) | |
| THE CHRISTOPHER P. MCKEE | ) | |
| REVOCABLE LIVING TRUST DATED | ) | |
| JULY 28, 1998, NONRECORD | ) | |
| CLAIMANTS, SHILOH RC, LLC, G.J. | ) | |
| GREWE DEVELOPMENT COMPANY, and | ) | |
| BARBER MURPHY GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court for docket control and to clarify the record.   The parties in

this matter have filed various Motions that would purportedly dispose of all claims made by

Plaintiff, PNC Bank, and counter/cross claims made by Defendant, Shiloh RC, LLC.   The

motions represent that they are filed by all "parties of record."   On June 2, 2015, all parties who

had appeared in this action consented to the jurisdiction of the undersigned, pursuant to Federal

Rule of Civil Procedure 73 and 28 U.S.C. §636(c), and this matter was transferred accordingly.

Since that time, Barber Murphy Group, Inc., G.J.Grewe Development Company, Christopher P.

McKee, and Christopher P. McKee, Trustee of the Christopher P. McKee Revocable Living Trust

Dated July 28, 1998[1] have been added to this case as either Defendants or cross/counter Defendants (*See* Docs. 66, 93, and 110).   None of these four entities have appeared, filed responsive pleadings, or consented to the jurisdiction of the undersigned.   The lack of affirmative consent by all parties may call into question any judgment entered in this matter.   *See Mark I, Inc. v. Gruber*, 38 F.3d 369, 370 (7th Cir. 1994) ("The need for unanimous consent sets a trap that may be sprung when parties join the case after the litigants have opted for decision by a magistrate judge."); *but see Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (noting that the "lack of written consent from [unserved] defendants did not deprive the magistrate judge of jurisdiction in this matter").   In order to prevent such uncertainty, clarification is necessary:

**Christopher P. McKee** and **Trustee of the Christopher P. McKee Revocable Living Trust Dated July 28, 1998** were automatically terminated as ***Defendants*** by the filing of the Amended Complaint (Doc. 93).   The Clerk of Court is directed to terminate them in docket accordingly.

**Barber Murphy Group, Inc.** and **G.J.Grewe Development Company**, as served ***Defendants*** are the subject of stipulations of dismissal filed by Plaintiff on October 14, 2015 (Doc. 114) and November 2, 2015 (Doc. 118), respectively.   The Clerk of Court is directed to terminate them in the docket accordingly.

**Barber Murphy Group, Inc.** and **G.J.Grewe Development Company**, are listed as ***counter/cross Defendants*** in the docket text associated with Shiloh RC, LLC's Answer (Doc. 110).   However, they are not actually listed in the counterclaims and cross-claims in that document in either the list of "parties" (*Id*. pp. 14-16) or in Counts 1-5 (*Id*. pp. 22-34).   Neither have these parties been served with the pleading (*See Id* pp. 34-35). The Clerk of Court is directed to terminate them (in all instances where they are listed as cross defendant or counter

---

[1] Also listed as parties are "nonrecord claimants."

defendant), in the docket accordingly.

   **Christopher P. McKee** and **Trustee of the Christopher P. McKee Revocable Living Trust Dated July 28, 1998** are identified as ***counter/cross Defendants*** in the "parties" sections of Shiloh RC, LLC's Answer (*Id.* p. 16).   However, no claim is made against them and no prayer for relief seeks anything from them.   In addition, they have not been served and no summons has been issued as to any such cross- or counter-claims.   It appears to the Court that their inclusion in the Answer was merely an oversight or typographical error (or in any event that Defendant does not intend to pursue claims against them).   The Clerk of Court is therefore directed to terminate them (in all instances where they are listed as cross defendant or counter defendant), in the docket accordingly.

   As for the **Nonrecord Claimants**, the Court finds that they are not a party to this suit: no summons have been issued and they have not appeared in this action.   They would not, then, divest the Court of jurisdiction to adjudicate the claims made in this case.

**DATED: October 21, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**