IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, )<br>Successor to NATIONAL CITY BANK, N.A., )<br>  )<br>    Plaintiff, )<br>  )<br>    v. )<br>  )<br>HAVENHILLS INVESTMENT CO., LLC, *et al.*, )<br>  )<br>    Defendants. ) | Case No. 3:15-CV-00483 |

**CONSENT JUDGMENT UNDER COUNT I, COUNT III, and COUNT IV
AND DISMISSAL WITHOUT PREJUDICE AS TO COUNT II, COUNT V, COUNT VI
AND COUNT VII**

By consent, judgment is entered in favor of Plaintiff PNC Bank, N.A., successor to National City Bank, N.A. ("PNC" or "Plaintiff"), and against Defendant Havenhills Investment Company, LLC ("Havenhills") on Count I and Count III of Plaintiff's Second Amended Verified Complaint to Foreclose Mortgages, for Breach of Note and Guaranties, and for the Appointment of a Receiver (the "Complaint"), for the foreclosure on the mortgage executed by Havenhills on May 17, 2006 as amended, November 28, 2006, December 4, 2006 and February 28, 2008 as to (i) the real property commonly known as 1152 N. Green Mount Road, Shiloh, IL 62221 and generally south of and proximate to Frank Scott Parkway and east of Green Mount Road in the Village of Shiloh, County of St. Clair, State of Illinois, consisting of approximately 63.75 acres of real estate, more or less, together with approximately 11.5 acres of real estate, more or less at the Northern portion of the intersection of Frank Scott Parkway and Cross Street, with all improvements, fixtures and appurtenances thereto, including, without limitation, all rights and interests in the programs available in which Havenhills has arranged to support and enhance the development of the foregoing property (the "Count I Property"); and (ii) the 40 acres of real estate

at the corner of Frank Scott Parkway and Cross Street with all improvements, fixtures and appurtenances thereto, including, without limitation, all rights and interests in the programs available in which Havenhills has arranged to support and enhance the development of the foregoing property (the "Count III Property"), pursuant to 735 ILCS 5/15-1506. The Count I Property is described on **Exhibit A** attached hereto and incorporated by reference herein, and the Count III Property is described on **Exhibit B** attached hereto and incorporated by reference herein (the Count I Property and Count III Property may sometimes collectively be referred to as the "Havenhills Property"). By consent, judgment also to be entered in favor of Plaintiff and against Havenhills, McEagle Land Acquisitions, LLC and Shiloh Land Acquisitions, LLC under Count IV of the Complaint. The Court being fully advised in the premises, finds the following:

  a. Plaintiff commenced this action by filing its complaint, thereafter twice amended, for (i) Mortgage Foreclosure as to the Count I Property; (ii) Mortgage Foreclosure as to the Count II Property; (iii) Mortgage Foreclosure as to the Count III Property; (iv) Suit on the Promissory Note executed by Havenhills, the liability for which was assumed by McEagle Land Acquisitions, LLC and Shiloh Land Acquisitions, LLC, in the principal amount of $8,309,966.59; (v) Suit on Guaranty of Paul J. McKee, Jr. as Trustee, of the Paul J. McKee, Jr. Revocable Trust, dated September 19, 1990; (vi) and Suit on Guaranty of Paul J. McKee, Jr., individually and (vii) for the Appointment of a Receiver.

  b. This Consent Judgment is entered in favor of Plaintiff as to Count I of the Complaint as to Havenhills, and Plaintiff has a first-priority lien against the Count I Property that may be foreclosed as more fully set forth herein.

  c. This Consent Judgment is entered in favor of Plaintiff as to Count III of the Complaint as to Havenhills, and Plaintiff has a lien subject to the priority set forth in that certain

Intercreditor and Subordination Agreement, against the Count III Property that may be foreclosed as more fully set forth herein.

  d.  This Consent Judgment is entered in favor of Plaintiff as to Count IV of the Complaint against Havenhills, McEagle Land Acquisitions, LLC and Shiloh Land Acquisitions, LLC, on the Promissory Note, for the principal amount of $8,297,525.54 , interest of $2,507,032.12 through March 29, 2016, late fees of $562,545.29; and expenses through March 29, 2016 in the amount of $116,404.58 for a total judgment amount of $11,483,507.53 (the "PNC Judgment").

  e.  Count II, Count V, Count VI, and Count VII of the Complaint are dismissed without prejudice.

The Court being fully advised in the premises, makes the following findings:

## I. Jurisdiction

  A.  The Court has jurisdiction over the parties to and subject matter of this action.

  B.  The following Defendants were properly served with a summons and a copy of the Complaint:

| Defendant | Service Date |
| --- | --- |
| McEagle Land Acquistions, LLC | May 1, 2015 |
| Shiloh Land Acquisitions, LLC | May 1, 2015 |
| Paul J. McKee, Jr. | May 1, 2015 |
| Paul J. McKee, Jr Revocable Trust Dated September 19, 1990 | May 1, 2015 |
| Havenhills Investment Company, LLC | May 1, 2015 |
| Village of Shiloh | May 4, 2015 |
| Parkside Financial Bank & Trust predecessor to Shiloh RC, LLC | May 1, 2015 |

## II. Evidentiary Findings

C.     All material allegations in the Complaint are true and correct to the best of Plaintiff's knowledge.

D.     The evidence of the indebtedness is attached to the Complaint as Exhibits E-1, E-2, E-3 and E-4 (collectively the "Mortgage") and Exhibit C-3 (the promissory note in the amount of $8,309,966.59) (the "Note"), respectively; and are admitted into evidence.

E.     Plaintiff retained counsel, Lathrop & Gage LLP, to prepare and file the Complaint and to represent and advise Plaintiff with the foreclosure of the Mortgage and collection under the Note, as set forth in the Complaint.

## III. Ultimate Findings

F.     Plaintiff is entitled to an immediate judgment of foreclosure (the "Foreclosure Judgment") and sale, together with interest at the contractual rate after the entry of the Foreclosure Judgment and additional court costs, expenses of sale and additional costs and expenses that Plaintiff may incur as set forth in the Mortgage, which shall be included in an additional judgment at such time as: (i) this Court enters an order confirming the foreclosure sale provided for in this cause, or (ii) the Havenhills Property is sold with PNC's consent.

G.     The Mortgage held by PNC is a valid mortgage on the real estate described in Exhibit A attached hereto and a valid lien upon the Count I Property which is prior, paramount and superior to all other mortgages, claims, or interests and liens upon the Count I Property of all other parties except for leases to which this Mortgage is subordinate, and for real estate taxes and special assessments, if any. Upon entry herein, the rights of PNC will be secured by a lien upon the Count I Property, which will have the same priority as the Mortgage upon which the Foreclosure Judgment relates. The rights and interests of all other parties are subject, subordinate and inferior to the rights of PNC.

H. The Mortgage held by PNC is a valid mortgage on the real estate described in Exhibit B attached hereto and a valid lien upon the Count III Property which is prior, paramount and superior to all other mortgages, claims, or interests and liens upon the Count III Property of all other parties, except as modified by that certain Intercreditor Agreement with the Village of Shiloh, and for real estate taxes and special assessments, if any. Upon entry herein, the rights of PNC will be secured by a lien upon the Count III Property, which will have the same priority as the Mortgage upon which the Foreclosure Judgment relates. Except as modified by that certain Intercreditor Agreement with the Village of Shiloh, the rights and interests of all other parties are subject, subordinate and inferior to the rights of PNC.

I. Execution on the Foreclosure Judgment shall be stayed as to Counts I and III of the Complaint contingent upon the continued cooperation of Defendants in connection with the listing, marketing and sale of the Havenhills Property as more fully set forth in a forbearance agreement executed in connection herewith.

J. Defendants admit that the value of the Havenhills Property is less than the PNC Judgment.

It is therefore ordered, adjudged and decreed that a judgment for foreclosure and sale is granted to Plaintiff against all Defendants and it is further ordered as follows:

### A. Order for Foreclosure – PNC

1. McEagle Land Acquisitions, LLC, Shiloh Land Acquisitions, LLC, and Havenhills are ordered to pay PNC within the time allowed by law, the PNC Judgment with statutory interest.

2. In default of such payment in accordance with the PNC Judgment, the Havenhills Property, with all the improvements, fixtures, and appurtenances, or so much of the Havenhills

Property which may be divisible and sold separately without material injury to the parties in interest will be sold at public auction to the highest bidder for cash as provided below to satisfy the total amount due the Plaintiff as set forth in the PNC Judgment, together with interest at the statutory judgment rate from the date of the PNC Judgment and such additional costs and expenses that PNC may incur under the PNC Mortgage after the date of the PNC Judgment.

3. In the event that PNC is the purchaser of the Havenhills Property at such sale, PNC may offset against the purchase prices of the Havenhills Property the amounts due under the PNC Judgment and the additional judgment, if any, under the order confirming the foreclosure sale.

4. The foreclosed property directed to be sold is particularly described in **Exhibit A** and **Exhibit B** attached.

5. In the event of such sale, the Defendants made parties to the Complaint in accordance with statutory provisions, and all persons claiming by, through, or under them, and each and any and all of them, will be forever barred and foreclosed of any right, title, interest, claim, lien, or right to redeem in and to the Havenhills Property, except as to the Village of Shiloh under the Intercreditor Agreement.

6. A deed will be issued to the purchaser at the sale according to law, and the purchaser will be let into possession of the Havenhills Property in accordance with statutory provisions.

7. Prior to the sale of the Havenhills Property, PNC shall be granted possession of the Havenhills Property.

## B. Redemption

8. This is a foreclosure of the Mortgage.

9. The Defendants have waived their right of redemption pursuant to the Mortgage.

### C. Sale

10. This Court appoints Pace Properties, Inc. to execute on the PNC Judgment and the Havenhills Property with all improvements, fixtures, and appurtenances, or so much of the Havenhills Property which may be divisible and sold separately without material injury to the parties in interest. Upon termination of the forebearance agreement referenced in Paragraph I above and written notice from PNC, Pace Properties, Inc. will, either itself or by designation of the Plaintiff to do so, give public notice of the time, place, and terms of such foreclosure sale by publishing same once each week for three consecutive calendar weeks (Sunday through Saturday). The first of such notice to be published not more than 45 days prior to the sale, and the last of such notice to be published not less than seven days prior to the sale.

11. The notice will be by an advertisement in a newspaper circulated to the general public in the county in which the Havenhills Property is located in the section where legal notices are commonly placed and by a separate advertisement which may be in the same newspaper, in the section where real estate, other than real estate being sold in a legal proceeding is commonly advertised to the public; provided that where the newspaper does not have separate legal and real estate sections, a single advertisement will be sufficient.

12. The foreclosure sale may be adjourned at the discretion of the party conducting it, provided, however, that if the adjourned foreclosure sale date is to occur less than 30 days after the last scheduled foreclosure sale, notice need only be given once, not less than five days prior to the date of the adjourned foreclosure sale.

13. Plaintiff may become the purchaser at such foreclosure sale. If Plaintiff is the successful bidder at the sale, the amount due to Plaintiff plus costs, advances, and attorney's fees will be taken as a credit bid.

14. Pace Properties, Inc. shall execute and deliver to any purchaser at said foreclosure sale a receipt of sale and a certificate of sale, with a duplicate of said certificate to be filed for record in the Office of the Recorder of Deeds of St. Clair County, Illinois.

15. Upon confirmation of the foreclosure sale, the party conducting the sale may issue a certificate of sale in recordable form describing the real estate purchased and the amount paid for the real estate. This certificate shall be freely assignable. After (i) the expiration of all the mortgagor's reinstatement and redemption rights and rights to possession, if applicable, (ii) confirmation of sale, and (iii) payment of the purchase price and any other amounts required to be paid by the purchaser at the sale, the party conducting the sale must, upon request of the holder of the certificate of sale, or the purchaser, if certificate of sale was not issued, execute and deliver to the holder or purchaser a deed sufficient to convey title. The conveyance will be an entire bar to all claims of other parties to the foreclosure and all persons claiming thereunder, except as to the rights **of** the Village of Shiloh under the Intercreditor Agreement.

16. If the parties who will be in possession of the Havenhills Property or any part of the Havenhills Property or any persons who may have come into such possession under them, or any of them, since the commencement of this suit, as of the date 30 days after the confirmation of the sale, do not surrender possession of the Havenhills Property to the purchaser, or the purchaser's representative or assigns, the order confirming the sale will so provide for their surrender of the possession of the Havenhills Property to the purchaser. The order will also provide that the United

States Marshall Service or the Sheriff of St. Clair County may execute on the order and evict any remaining occupants without further notices or order of court.

17. This Court retains authority during the entire pendency of the foreclosure and until disposition of all matters arising out of the foreclosure.

### D. Orders of Dismissal and Discharge of Receiver

18. Counts II, V, VI, and VII of the Complaint are hereby dismissed without prejudice.

19. Count VII of the Complaint having been dismissed without prejudice, it is Ordered that Pace Properties, Inc., is terminated as the Receiver and that the Receiver's Bond shall be released by the Clerk without cause for delay, subject only to Pace Properties, Inc. providing a full and complete accounting of its activities as Receiver.

**IT IS SO ORDERED.**

**DATED: October 21, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

The undersigned consent to entry of the above consent judgment.

| LATHROP & GAGE, LLP | SPENCER FANE, LLP |
|---|---|
| By: */s/ Wendi Alper-Pressman*<br>Wendi Alper-Pressman #32906MO<br>7701 Forsyth Blvd, Suite 500<br>St. Louis, MO 63105<br><br>**ATTORNEYS FOR PNC BANK, N.A.** | By: */s/ Thomas Hayde*<br>Thomas Hayde #6288227<br>Spencer Fane, LLP<br>1 N. Brentwood Blvd., Suite 100<br>St. Louis, MO 63105<br><br>**ATTORNEYS FOR SHILOH RC, LLC SUCCESSOR BY ASSIGNMENT TO PARKSIDE FINANCIAL BANK & TRUST** |

| | |
|---|---|
| BRUCKER, GRUENKE & LONG, PC<br><br>By: */s/ Terry I. Bruckert*<br>Terry I. Bruckert #6215815<br>1002 East Wesley Drive, Suite 100<br>O'Fallon, IL 62269<br><br>**ATTORNEYS FOR THE VILLAGE OF SHILOH, ILLINOIS, A MUNICIPAL CORPORATION LOCATED IN ST. CLAIR COUNTY, ILLINOIS** | STONE, LEYTON & GERSHMAN<br><br>By: */s/ Robb. E. Hellwig*<br>Robb E. Hellwig #60570(MO)<br>Stone, Leyton & Gershman<br>7733 Forsyth Blvd, Suite 500<br>St. Louis, MO 63105<br><br>**ATTORNEYS FOR HAVENHILLS INVESTMENT COMPANY; LLC; MCEAGLE LAND ACQUISITIONS, LLC; SHILOH LAND ACQUISITIONS, LLC; PAUL J. MCKEE, JR., AS TRUSTEE OF THE PAUL. J. MCKEE, JR. REVOCABLE LIVING TRUST DATED SEPTEMBER 19, 1990; AND PAUL J. MCKEE, INDIVIDUALLY** |
| GREENSFELDER, HEMKER & GALE PC<br><br>By: */s/ Cherie K. Macdonald*<br>Cherie K. Macdonald #06205730<br>12 Wolf Creek Drive<br>Swansea, IL 62226<br><br>**ATTORNEYS FOR PACE PROPERTIES, INC.** | |

EXHIBIT A  DEC. 06.2006  1261

(Legal Description)

PART OF THE NW 1/4 OF SECTION NO. 6 IN T1N R7 W OF THE 3RD P.M., MORE PARTICULARLY DESCRIBED AS FOLLOWS, TO-WIT:
COMMENCING THE SURVEY THEREOF AT THE NORTHWEST CORNER OF SAID SECTION; THENCE EAST ALONG THE TOWNSHIP LINE, 37.82 CHAINS TO THE NORTHEAST CORNER OF THE NW 1/4 OF SAID SECTION; THENCE SOUTH ALONG THE QUARTER SECTION LINE, 23.95 CHAINS; THENCE WEST 18.86 CHAINS; THENCE NORTH 8.76 CHAINS; THENCE WEST 18.86 CHAINS TO THE WEST LINE OF SAID SECTION; THENCE NORTH 15.70 CHAINS TO THE PLACE OF BEGINNING.

EXCEPTING THAT PART IN TRUSTEE'S DEED RECORDED DECEMBER 19, 1990, IN BOOK 2802, PAGE 1150, AS DOC. NO. A01016811, DESCRIBED AS FOLLOWS, TO-WIT:

PART OF THE NW 1/4 OF SECTION 6, T1N R7W OF THE 3RD P.M., ST. CLAIR COUNTY, ILLINOIS, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE OLD IRON BAR WHICH MARKS THE NORTHWEST CORNER OF SAID NW 1/4 OF SECTION 6, T1N R7W OF THE 3RD P.M.; THENCE AT AN ASSUMED BEARING OF SOUTH 0° 15'45" EAST, ALONG THE WEST LINE OF SAID NW 1/4 OF SECTION 6, A DISTANCE OF 1035.44 FEET TO A RAILROAD SPIKE; THENCE SOUTH 89°42'53" EAST, A DISTANCE OF 35.00 FEET TO AN IRON BAR WHICH MARKS THE POINT OF BEGINNING OF THE HEREIN DESCRIBED TRACT OF LAND; THENCE CONTINUING SOUTH 89°42'53" EAST A DISTANCE OF 635.00 FEET TO AN IRON BAR; THENCE NORTH 0°25'45" WEST, A DISTANCE OF 343.50 FEET TO AN IRON BAR; THENCE NORTH 89°42'53" WEST, A DISTANCE OF 635.00 FEET TO AN IRON BAR; THENCE SOUTH 0°15'45" EAST, A DISTANCE OF 343.50 FEET TO THE POINT OF BEGINNING.

EXCEPTING FURTHER THAT PART FALLING WITHIN THE RIGHT OF WAY DEED TO THE COUNTY OF ST. CLAIR RECORDED MAY 6, 1999, IN BOOK 3343, PAGE 708, AS DOC. NO. A01493472.

EXCEPTING FURTHER THAT PART FALLING WITH THE RIGHT OF WAY DEED TO THE SHILOH VALLEY ROAD DISTRICT, RECORDED FEBRUARY 11, 1987, IN BOOK 2665, PAGE 145, AS DOC. NO. A883734.

***************************

THE FOLLOWING DESCRIPTION IS THE SURVEYORS OPINION, BASED UPON PROVIDED RECORDS AND FIELD MEASUREMENTS, OF THE TRACT OF LAND DESCRIBED ABOVE AS LOCATED ON THE GROUND.

COMMENCING AT THE NORTHEAST CORNER OF THE NORTHWEST QUARTER OF SECTION 6; THENCE ALONG THE EAST LINE OF SAID QUARTER SECTION SOUTH 00 DEGREES 02 MINUTES 43 SECONDS WEST A DISTANCE OF 55.49 FEET TO A POINT IN THE SOUTH RIGHT OF WAY LINE OF THOUVENOT LANE BEING THE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID EAST LINE SOUTH 0 DEGREES 2 MINUTES 43 SECONDS WEST A DISTANCE OF 1526.83 FEET; THENCE LEAVING SAID EAST LINE NORTH 89 DEGREES 29 MINUTES 32 SECONDS WEST A DISTANCE OF 1243.11 FEET; THENCE NORTH 0 DEGREES 27

{5625\015\286162.DOC.}



MINUTES 15 SECONDS WEST A DISTANCE OF 578.20 FEET; THENCE NORTH 89 DEGREES 44 MINUTES 53 SECONDS WEST A DISTANCE OF 573.03 FEET TO THE SOUTHEAST CORNER OF A TRACT OF LAND CONVEYED TO DONALD AND SUSIE LIENESCH BY DOCUMENT A01402826; THENCE ALONG THE EAST LINE OF SAID LIENESCH TRACT NORTH 0 DEGREES 17 MINUTES 45 SECONDS WEST A DISTANCE OF 343.50 FEET TO THE NORTHEAST CORNER OF SAID LIENESCH TRACT; THENCE ALONG THE NORTH LINE OF SAID LIENESCH TRACT NORTH 89 DEGREES 44 MINUTES 53 SECONDS WEST A DISTANCE OF 604.45 FEET TO A POINT IN THE EAST LINE OF GREENMOUNT ROAD AS CONVEYED BY DEED RECORDED IN BOOK 3343, PAGE 708 AND SHOWN ON THE PLAT RECORDED IN PLAT BOOK 100, PAGE 82; THENCE ALONG THE SAID EAST LINE OF GREENMOUNT ROAD THE FOLLOWING COURSES AND DISTANCES NORTH 0 DEGREES 19 MINUTES 47 SECONDS WEST A DISTANCE OF 111.27 FEET; THENCE NORTH 7 DEGREES 10 MINUTES 21 SECONDS WEST A DISTANCE OF 82.61 FEET; THENCE NORTH 0 DEGREES 19 MINUTES 47 SECONDS WEST A DISTANCE OF 82.02 FEET; THENCE NORTH 7 DEGREES 10 MINUTES 21 SECONDS WEST A DISTANCE OF 82.61 FEET; THENCE NORTH 0 DEGREES 4 MINUTES 1 SECONDS EAST A DISTANCE OF 265.22 FEET; THENCE NORTH 52 DEGREES 20 MINUTES 10 SECONDS EAST A DISTANCE OF 65.60 FEET TO THE SOUTH LINE OF THOUVENOT LANE (A.K.A. FRANK SCOTT PARKWAY) AS CONVEYED BY DEED RECORDED IN BOOK 3343, PAGE 708 AND SHOWN THE PLAT RECORDED IN PLAT BOOK 100, PAGE 82; THENCE ALONG SAID SOUTH LINE OF THOUVENOT LANE THE FOLLOWING COURSES AND DISTANCES: SOUTH 89 DEGREES 26 MINUTES 15 SECONDS EAST A DISTANCE OF 108.27 FEET; THENCE SOUTH 85 DEGREES 47 MINUTES 49 SECONDS EAST A DISTANCE OF 500.89 FEET; THENCE NORTH 87 DEGREES 36 MINUTES 25 SECONDS EAST A DISTANCE OF 135.40 FEET; THENCE SOUTH 89 DEGREES 26 MINUTES 23 SECONDS EAST A DISTANCE OF 263.69 FEET; THENCE SOUTH 87 DEGREES 50 MINUTES 10 SECONDS EAST A DISTANCE OF 302.29 FEET; THENCE SOUTH 87 DEGREES 10 MINUTES 6 SECONDS EAST A DISTANCE OF 437.88 FEET; THENCE NORTH 88 DEGREES 34 MINUTES 10 SECONDS EAST A DISTANCE OF 443.35 FEET; THENCE SOUTH 85 DEGREES 21 MINUTES 51 SECONDS EAST A DISTANCE OF 208.89 TO THE POINT OF BEGINNING.

DEC. 06 2006     1263

(Legal Description)

Parcel 1:

Part of the North Half of Section 5, Township 1 North, Range 7 West of the Third Principal Meridian, County of St. Clair, State of Illinois and being more particularly described as follows:

Commencing at the Northwest corner of said Section 5; thence South 00 degrees 48 minutes 36 seconds East on the west line of said Section 5, a distance of 15.01 feet to the Point of Beginning.

From said Point of Beginning; thence South 89 degrees 06 minutes 29 seconds East, 15 feet south of and parallel to the north line of said Section 5, a distance of 1702.09 feet; thence South 04 degrees 38 minutes 16 seconds East, a distance of 10.05 feet; thence South 89 degrees 06 minutes 29 seconds East, 25 feet south of and parallel to the north line of said Section 5, a distance of 316.63 feet to the southwesterly right of way line of Cross Street; thence South 43 degrees 36 minutes 16 seconds East on said southwesterly right of way line of Cross Street, a distance of 296.48 feet to the northerly right of way line of Frank Scott Parkway; thence the following 11 courses and distances on said northerly right of way line of Frank Scott Parkway 1.) South 20 degrees 41 minutes 41 seconds West, a distance of 54.97 feet; 2.) South 64 degrees 24 minutes 20 seconds West, a distance of 157.48 feet; 3.) South 62 degrees 05 minutes 34 seconds West, a distance of 228.56 feet; 4.) South 72 degrees 04 minutes 57 seconds West, a distance of 366.31 feet; 5.) South 86 degrees 31 minutes 49 seconds West, a distance of 207.13 feet; 6.) North 87 degrees 28 minutes 35 seconds West, a distance of 380.25 feet; 7.) North 77 degrees 14 minutes 17 seconds West, a distance of 255.29 feet; 8.) North 66 degrees 24 minutes 47 seconds West, a distance of 159.91 feet; 9.) North 61 degrees 26 minutes 10 seconds West, a distance of 325.71 feet; 10.) North 54 degrees 21 minutes 37 seconds West, a distance of 182.18 feet; 11.) North 69 degrees 20 minutes 25 seconds West, a distance of 99.44 feet to the west line of said Section 5; thence North 00 degrees 48 minutes 36 seconds West on said west line of Section 5, a distance of 173.70 feet to the Point of Beginning.

Said parcel contains 22.92 acres, more or less.

Subject to easements, conditions and restrictions of record.

Except for the following parcels previously subject to partial releases:

Part of the Northwest Quarter of Section 5, Township 1 North, Range 7 West of the Third Principal Meridian, County of St. Clair, State of Illinois and being more particularly described as follows:

Commencing at the Northwest corner of said Section 5; thence South 00°48'36" East, on the West line of said Section 5, a distance of 15.01 feet; thence South 89°06'29" East, on a line 15 feet South of and parallel to the North line of said Section 5, a distance of 1,403.06 feet to the Point of Beginning of said described tract;
Thence continuing on said parallel line South 89°06'29" East a distance of 299.03 feet; thence South 04°38'16" East a distance of 10.05 feet; thence South 89°06'29" East, on a line 25 feet South of and parallel with the North line of said Section 5 a distance of 50.00 feet; thence South 00°53'31" West a distance of 220.00 feet; thence North 89°06'29" West, on a line being parallel to the North line of said Section 5, a distance of 350.00 feet; thence North 00°53'31" East a distance of 230.00 feet to the Point of Beginning. (conveyed to Ameren Illinois Company)

Lot P-1 in the Plat of North Three Springs at Shiloh, being in part of the Northwest ¼ of Section 6, Township 1 North, Range 7, West of the Third Principal Meridian, a Subdivision recorded May 29, 2013 in Book _____ on Page _____ as Document No. A02370259 of the St. Clair County Land Records Office in St. Clair County, Illinois.
Nonexclusive easement for ingress and egress created by the Plat of the North Three Springs at Shiloh, as recorded May 29, 2013 as Document No. A02370259 of the St. Clair County Land Records Office in St. Clair County, (conveyed to Anheuser Busch Employees' Credit Union d/b/a American Eagle Credit Union)

26211736v1

ST. CLAIR COUNTY, ILLINOIS
RIGHT OF WAY DEDICATION
1,586 SQUARE FEET

A TRACT OF LAND BEING PART OF THE NORTHWEST QUARTER OF SECTION 6, TOWNSHIP 1 NORTH, RANGE 7 WEST OF THE THIRD PRINCIPAL MERIDIAN, LOCATED IN ST. CLAIR COUNTY, ILLINOIS AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A BRASS MONUMENT FOUND AT THE INTERSECTION OF THE CENTERLINE OF THOUVENOT (VARIABLE WIDTH) LANE, STATION 84+88.02 (A.K.A. FRANK SCOTT PARKWAY) WITH THE CENTERLINE OF GREENMOUNT (VARIABLE WIDTH) LANE, STATION 12+74.38;

THENCE ALONG SAID THE CENTERLINE OF GREENMOUNT LANE, SOUTH 00 DEGREES 03 MINUTES 58 SECONDS WEST, A DISTANCE OF 106.40 FEET TO STATION 11+67.98;

THENCE LEAVING SAID CENTERLINE, SOUTH 89 DEGREES 56 MINUTES 02 SECONDS EAST, A DISTANCE OF 45.93 FEET TO THE EAST RIGHT OF WAY LINE OF GREENMOUNT LANE;

THENCE ALONG SAID EAST RIGHT OF WAY LINE, NORTH 52 DEGREES 20 MINUTES 12 SECONDS EAST, A DISTANCE OF 14.34 FEET TO AN IRON ROD WITH COLE CAP PDF #2447 ON THE EAST RIGHT OF WAY LINE OF GREENMOUNT LANE AS DEDICATED;

THENCE ALONG SAID EAST RIGHT OF WAY AS DEDICATED, THE FOLLOWING COURSES AND DISTANCES: ALONG A NON-TANGENT CURVE TO THE LEFT, HAVING A RADIUS OF 65.42 FEET, WITH A CENTRAL ANGLE OF 24 DEGREES 15 MINUTES 36 SECONDS, (WHICH CHORD BEARS SOUTH 12 DEGREES 11 MINUTES 14 SECONDS WEST, A CHORD DISTANCE OF 27.49 FEET), THROUGH AN ARC DISTANCE OF 27.70 FEET; SOUTH 00 DEGREES 19 MINUTES 07 SECONDS WEST, A DISTANCE OF 143.98 FEET; AND SOUTH 00 DEGREES 19 MINUTES 50 SECONDS EAST, A DISTANCE OF 150.21 FEET TO AN IRON ROD WITH COLE CAP PDF #2447 ON THE EAST RIGHT OF WAY LINE OF THE GREENMOUNT ROAD;

THENCE ALONG SAID EAST RIGHT OF WAY LINE, THE FOLLOWING COURSES AND DISTANCES: NORTH 07 DEGREES 10 MINUTES 18 SECONDS WEST, A DISTANCE OF 47.43 FEET; AND NORTH 00 DEGREES 03 MINUTES 58 SECONDS EAST, A DISTANCE OF 265.22 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED TRACT OF LAND;

THE ABOVE DESCRIBED TRACT OF LAND CONTAINING 1,586 SQUARE FEET IS BASED UPON A BOUNDARY SURVEY AND RECORD PLAT PREPARED COLE AND ASSOCIATES, INC. BEING SUBJECT TO AN ACTUAL BOUNDARY SURVEY AND ALL EASEMENTS, RESTRICTIONS, RESERVATIONS AND CONDITIONS OF RECORD, IF ANY.

26211736v1

Excepting the following parcels subject to a subordination agreement with the Village of Shiloh

### NORTH COLLATERAL
### 9.520 ACRES

A TRACT OF LAND BEING PART OF THE NORTHWEST QUARTER OF SECTION 5, TOWNSHIP 1 NORTH, RANGE 7 WEST OF THE THIRD PRINCIPAL MERIDIAN, LOCATED IN ST. CLAIR COUNTY, ILLINOIS AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF THE AFOREMENTIONED SECTION 5;

THENCE ALONG THE WEST LINE OF SAID SECTION, SOUTH 00 DEGREES 48 MINUTES 36 SECONDS EAST, A DISTANCE OF 15.01 FEET TO A LINE BEING 15.00 FEET SOUTH AND PARALLEL TO THE NORTH LINE OF THE AFOREMENTIONED SECTION 5, BEING THE TRUE POINT OF BEGINNING OF THE HEREINAFTER DESCRIBED TRACT OF LAND;

THENCE ALONG SAID PARALLEL LINE, SOUTH 89 DEGREES 06 MINUTES 33 SECONDS EAST, A DISTANCE OF 1079.76 FEET TO THE EAST LINE OF SAID HEREINAFTER DESCRIBED TRACT OF LAND;

THENCE ALONG SAID EAST LINE, SOUTH 02 DEGREES 31 MINUTES 14 SECONDS WEST, DISTANCE OF 580.44 FEET TO THE NORTH RIGHT OF WAY LINE OF FRANK SCOTT (VARIABLE WIDTH) PARKWAY;

THENCE ALONG SAID NORTH RIGHT OF WAY LINE, THE FOLLOWING COURSES AND DISTANCES: NORTH 87 DEGREES 28 MINUTES 46 SECONDS WEST, A DISTANCE OF 129.03 FEET; NORTH 77 DEGREES 14 MINUTES 28 SECONDS WEST, A DISTANCE OF 255.30 FEET; NORTH 66 DEGREES 24 MINUTES 58 SECONDS WEST, A DISTANCE OF 159.91 FEET; NORTH 61 DEGREES 26 MINUTES 21 SECONDS WEST, A DISTANCE OF 325.71 FEET; AND NORTH 54 DEGREES 21 MINUTES 48 SECONDS WEST, A DISTANCE OF 6.14 FEET TO THE EAST LINE OF THE PROPOSED AMEREN U.E. ONE-ACRE TRACT OF LAND;

THENCE ALONG SAID EAST LINE, NORTH 00 DEGREES 48 MINUTES 36 SECONDS WEST, A DISTANCE OF 262.70 FEET TO THE SOUTH LINE OF AN EXISTING WATER LINE EASEMENT AS RECORDED BY DEED IN BOOK 3017, PAGE 998 OF THE ST. CLAIR COUNTY, ILLINOIS RECORDER'S OFFICE;

THENCE ALONG SAID SOUTH LINE, NORTH 89 DEGREES 06 MINUTES 33 SECONDS WEST, A DISTANCE OF 234.26 FEET TO THE WEST LINE OF THE AFOREMENTIONED NORTHWEST QUARTER OF SAID SECTION 5;

THENCE ALONG SAID WEST LINE, NORTH 00 DEGREES 48 MINUTES 36 SECONDS WEST, DISTANCE OF 46.02 FEET TO THE TRUE POINT OF BEGINNING.

THE ABOVE DESCRIBED TRACT OF LAND CONTAINING 9.520 ACRES IS BASED UPON AVAILABLE RECORD COMPILED BY COLE AND ASSOCIATES, INC. BEING SUBJECT TO AN ACTUAL BOUNDARY SURVEY AND ALL EASEMENTS, RESTRICTIONS, RESERVATIONS AND CONDITIONS OF RECORD, IF ANY.

NORTH COLLATERAL
9.520 ACRES

A TRACT OF LAND BEING PART OF THE NORTHWEST QUARTER OF SECTION 5, TOWNSHIP 1 NORTH, RANGE 7 WEST OF THE THIRD PRINCIPAL MERIDIAN, LOCATED IN ST. CLAIR COUNTY, ILLINOIS AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF THE AFOREMENTIONED SECTION 5;

THENCE ALONG THE WEST LINE OF SAID SECTION, SOUTH 00 DEGREES 48 MINUTES 36 SECONDS EAST, A DISTANCE OF 15.01 FEET TO A LINE BEING 15.00 FEET SOUTH AND PARALLEL TO THE NORTH LINE OF THE AFOREMENTIONED SECTION 5, BEING THE TRUE POINT OF BEGINNING OF THE HEREINAFTER DESCRIBED TRACT OF LAND;

THENCE ALONG SAID PARALLEL LINE, SOUTH 89 DEGREES 06 MINUTES 33 SECONDS EAST, A DISTANCE OF 1079.76 FEET TO THE EAST LINE OF SAID HEREINAFTER DESCRIBED TRACT OF LAND;

THENCE ALONG SAID EAST LINE, SOUTH 02 DEGREES 31 MINUTES 14 SECONDS WEST, DISTANCE OF 580.44 FEET TO THE NORTH RIGHT OF WAY LINE OF FRANK SCOTT (VARIABLE WIDTH) PARKWAY;

THENCE ALONG SAID NORTH RIGHT OF WAY LINE, THE FOLLOWING COURSES AND DISTANCES: NORTH 87 DEGREES 28 MINUTES 46 SECONDS WEST, A DISTANCE OF 129.03 FEET; NORTH 77 DEGREES 14 MINUTES 28 SECONDS WEST, A DISTANCE OF 255.30 FEET; NORTH 66 DEGREES 24 MINUTES 58 SECONDS WEST, A DISTANCE OF 159.91 FEET; NORTH 61 DEGREES 26 MINUTES 21 SECONDS WEST, A DISTANCE OF 325.71 FEET; AND NORTH 54 DEGREES 21 MINUTES 48 SECONDS WEST, A DISTANCE OF 6.14 FEET TO THE EAST LINE OF THE PROPOSED AMEREN U.E. ONE-ACRE TRACT OF LAND;

THENCE ALONG SAID EAST LINE, NORTH 00 DEGREES 48 MINUTES 36 SECONDS WEST, A DISTANCE OF 262.70 FEET TO THE SOUTH LINE OF AN EXISTING WATER LINE EASEMENT AS RECORDED BY DEED IN BOOK 3017, PAGE 998 OF THE ST. CLAIR COUNTY, ILLINOIS RECORDER'S OFFICE;

THENCE ALONG SAID SOUTH LINE, NORTH 89 DEGREES 06 MINUTES 33 SECONDS WEST, A DISTANCE OF 234.26 FEET TO THE WEST LINE OF THE AFOREMENTIONED NORTHWEST QUARTER OF SAID SECTION 5;

THENCE ALONG SAID WEST LINE, NORTH 00 DEGREES 48 MINUTES 36 SECONDS WEST, DISTANCE OF 45.02 FEET TO THE TRUE POINT OF BEGINNING.

THE ABOVE DESCRIBED TRACT OF LAND CONTAINING 9.520 ACRES IS BASED UPON AVAILABLE RECORD COMPILED BY COLE AND ASSOCIATES, INC. BEING SUBJECT TO AN ACTUAL BOUNDARY SURVEY AND ALL EASEMENTS, RESTRICTIONS, RESERVATIONS AND CONDITIONS OF RECORD, IF ANY.

{2011 Village Intercreditor.G}



EXHIBIT B

SOUTH COLLATERAL
30.411 ACRE

A TRACT OF LAND BEING PART OF THE NORTH HALF OF SECTION 5, TOWNSHIP 1 NORTH, RANGE 7 WEST OF THE THIRD PRINCIPAL MERIDIAN, LOCATED IN ST. CLAIR COUNTY, ILLINOIS AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF THE AFOREMENTIONED SECTION 5;

THENCE ALONG THE WEST LINE OF SAID SECTION, SOUTH 00 DEGREES 48 MINUTES 36 SECONDS EAST, A DISTANCE OF 1168.53 FEET;

THENCE LEAVING SAID WEST LINE, SOUTH 89 DEGREES 12 MINUTES 35 SECONDS EAST, A DISTANCE OF 397.16 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREINAFTER DESRIBED TRACT OF LAND;

THENCE ALONG THE NORTH LINE OF SAID HEREINAFTER DESCRIBED TRACT OF LAND THE FOLLOWING COURSES AND DISTANCES: SOUTH 89 DEGREES 12 MINUTES 35 SECONDS EAST, A DISTANCE OF 704.07 FEET; NORTH 55 DEGREES 22 MINUTES 44 SECONDS EAST, A DISTANCE OF 443.24 FEET; NORTH 69 DEGREES 48 MINUTES 37 SECONDS EAST, A DISTANCE OF 106.19 FEET; AND NORTH 10 DEGREES 01 MINUTES 55 SECONDS WEST, A DISTANCE OF 202.66 FEET TO THE SOUTH RIGHT OF WAY LINE OF FRANK SCOTT (VARIABLE WIDTH) PARKWAY;

THENCE ALONG SAID SOUTH RIGHT OF WAY LINE, THE FOLLOWING COURSES AND DISTANCES: NORTH 84 DEGREES 45 MINUTES 12 SECONDS EAST, A DISTANCE OF 99.88 FEET; NORTH 72 DEGREES 38 MINUTES 39 SECONDS EAST, A DISTANCE OF 205.22 FEET; NORTH 60 DEGREES 40 MINUTES 32 SECONDS EAST, A DISTANCE OF 300.69 FEET; NORTH 68 DEGREES 12 MINUTES 59 SECONDS EAST, A DISTANCE OF 197.29 FEET; AND SOUTH 77 DEGREES 58 MINUTES 06 SECONDS EAST, A DISTANCE OF 85.24 FEET TO THE SOUTHWEST RIGHT OF WAY LINE OF CROSS (VARIABLE WIDTH) STREET;

THENCE ALONG SAID SOUTHWEST RIGHT OF WAY LINE, THE FOLLOWING COURSES AND DISTANCES: ALONG A CURVE TO THE RIGHT, HAVING A RADIUS OF 1,860.08 FEET, WITH A CENTRAL ANGLE OF 14 DEGREES 24 MINUTES 26 SECONDS (WHICH CHORD BEARS SOUTH 35 DEGREES 04 MINUTES 22 SECONDS EAST, A CHORD DISTANCE OF 466.49 FEET) THROUGH AN ARC DISTANCE OF 467.72 FEET; SOUTH 00 DEGREES 59 MINUTES 58 SECONDS EAST, A DISTANCE OF 83.04 FEET; SOUTH 26 DEGREES 47 MINUTES 47 SECONDS EAST, A DISTANCE OF 356.31 FEET; AND ALONG A CURVE TO THE RIGHT, HAVING A RADIUS OF 1,860.08 FEET, WITH A CENTRAL ANGLE OF 00 DEGREES 40 MINUTES 50 SECONDS (WHICH CHORD BEARS SOUTH 14 DEGREES 09 MINUTES 30 SECONDS EAST, A CHORD DISTANCE OF 22.09 FEET) THROUGH AN ARC DISTANCE OF 22.09 FEET TO THE NORTH LINE OF LAND NOW OR FORMERLY OF LAND NOW OR FORMERLY OF REORGANIZED CHURCH

OF JESUS CHRIST OF LATTER DAY SAINTS, AS RECORDED BY DOCUMENT NUMBER A01651196 OF SAID RECORDER'S OFFICE;

THENCE ALONG SAID NORTH LINE, NORTH 89 DEGREES 25 MINUTES 54 SECONDS WEST, A DISTANCE OF 947.71 FEET TO THE NORTHWEST CORNER THEREOF;

THENCE ALONG THE WEST LINE OF SAID LAND OF REORGANIZED CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, SOUTH 00 DEGREES 46 MINUTES 28 SECONDS WEST, A DISTANCE OF 363.41 FEET TO THE NORTH RIGHT OF WAY LINE OF TAMARACK (VARIABLE WIDTH) LANE;

THENCE ALONG SAID NORTH RIGHT OF WAY LINE, SOUTH 89 DEGREES 38 MINUTES 01 SECONDS WEST, A DISTANCE OF 777.13 FEET TO THE NORTHEAST LINE OF LAND NOW OR FORMERLY OF COMMUNITY SPORTS, INC. AS RECORDED BY DEED IN BOOK 1898, PAGE 363 OF SAID RECORDER'S OFFICE;

THENCE ALONG SAID NORTHEAST LINE, NORTH 73 DEGREES 55 MINUTES 27 SECONDS WEST, A DISTANCE OF 691.38 FEET;

THENCE LEAVING SAID NORTHEAST LINE, NORTH 00 DEGREES 46 MINUTES 38 SECONDS EAST, A DISTANCE OF 230.38 FEET TO THE TRUE POINT OF BEGINNING.

THE ABOVE DESCRIBED TRACT OF LAND CONTAINING 30.411 ACRES IS BASED UPON AVAILABLE RECORD COMPILED BY COLE AND ASSOCIATES, INC. BEING SUBJECT TO AN ACTUAL BOUNDARY SURVEY AND ALL EASEMENTS, RESTRICTIONS, RESERVATIONS AND CONDITIONS OF RECORD, IF ANY.

{2011 Village Intercreditor.G}