**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) <br> Successor to NATIONAL CITY BANK, N.A., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HAVENHILLS INVESTMENT CO., LLC, *et al.,* ) <br> ) <br> Defendants. ) | Case No. 3:15-CV-00483 |

**CONSENT ORDER AND JUDGMENT**

By consent, judgment is hereby entered in favor of Defendant Shiloh RC, LLC ("Shiloh RC"), and against Defendant McEagle Land Acquisition, LLC ("McEagle"), on Counts I and III of Shiloh RC's Counterclaims and Cross-Claims [Doc. 110] ("Shiloh RC's Claims"). By consent, Counts II and IV of Shiloh RC's Claims are dismissed without prejudice. All parties consent to the entry of this Order and Judgment.

The Court finds as follows:

1. Shiloh RC is the holder of a Promissory Note originally made by McEagle on or about June 27, 2008, which was modified and amended eight times, the final such amendment being that certain Eighth Extension and Modification Agreement dated September 13, 2013 (the "Note"). The Note, which is evidence of the indebtedness, was filed with the Court as Exhibit A to Shiloh RC's Claims.

2. McEagle has defaulted on the Note. The amount due under the Note, as of September 1, 2016, is $3,693,611.46, which comprises $3,121,150 in unpaid principal, $322,713.91 in accrued unpaid interest, $93,690.05 in allowable fees, expenses and costs, and $156,057.50 in authorized late payment charges.

3. The Note is secured by, among other things, a Mortgage ("the McEagle Mortgage") against that property commonly known as 1096 North Green Mount Road, Shiloh, Illinois 62221 and North Green Mount Road, Shiloh, Illinois 62221, and having the legal description set forth on Exhibit A attached hereto and incorporated by reference herein (the "McEagle Property"). Evidence of the McEagle Mortgage was filed with Court as Exhibit D to Shiloh RC's Claims.

4. Shiloh RC is the holder of the McEagle Mortgage, which mortgage is a valid lien against the McEagle Property, which is prior, paramount and superior to all other mortgages, claims, or interests and liens upon the McEagle Property except for real estate taxes and special assessments, if any. The rights and interests of all other parties in the McEagle Property are subject, subordinate and inferior to the rights of Shiloh RC. McEagle, and all other parties, have waived any right of redemption pursuant to the McEagle Mortgage.

5. The parties admit that the value of the McEagle Property is less than the current amount due under the Note.

Therefore, it is hereby **ORDERED, ADJUDGED and DECREED**:

6. Judgment is entered in favor of Shiloh RC and against McEagle on Count III of Shiloh RC's Claims, for money due and owing under that certain Promissory Note, in the amount of $3,693,611.46, (the "Money Judgment"), which comprises $3,121,150 in principal, $322,713.91 in accrued unpaid interest, $93,690.05 in allowable fees, expenses and costs, and $156,057.50 in authorized late payment charges.

7. McEagle is ordered to pay Shiloh RC within the time allowed by law, the Money Judgment with statutory interest.

8. Upon entry of the Money Judgment herein, the rights of Shiloh RC will be secured by a lien upon the McEagle Property, which will have the same priority as the McEagle Mortgage.

9. In default of such payment in accordance with the Money Judgment, the McEagle Property, with all the improvements, fixtures, and appurtenances thereto, including, without limitation, all rights and interests in the programs available in which McEagle has arranged to support and enhance the development of the McEagle Property, or so much of the McEagle Property which may be divisible and sold separately without material injury to the parties in interest, will be sold at public auction to the highest bidder for cash as provided below to satisfy the total amount due Shiloh RC as set forth in the Money Judgment, together with interest at the statutory judgment rate from the date of the Money Judgment and such additional costs and expenses that Shiloh RC may incur under the McEagle Mortgage after the date of the Money Judgment.

10. Pursuant to 735 ILCS 5/15-1506, judgment of foreclosure and sale is entered in favor of Shiloh RC and against McEagle, Plaintiff and all other parties, on Count I of Shiloh RC's Claims, with respect to the McEagle Property (the "Foreclosure Judgment"), together with interest at the contractual rate after the entry of the Foreclosure Judgment and sale and additional court costs, expenses of sale and additional costs and expenses that Shiloh RC may incur as set forth in the McEagle Mortgage, which shall be included in an additional judgment at such time this Court enters an order confirming the foreclosure sale provided for in this Order and Judgment, or the McEagle Property has been sold with Shiloh RC's consent. Shiloh RC has a lien of first priority against the McEagle Property, and Shiloh RC is entitled by this judgment to foreclose on said lien and sell the McEagle Property as follows:

a. The sheriff, or such other person as this Court may appoint, shall conduct a foreclosure sale of the McEagle Property with all improvements, fixtures, and appurtenances, including, without limitation, all rights and interests in the programs available in which McEagle has arranged to support and enhance the development of the McEagle Property, or so much of the McEagle Property which may be divisible and sold separately without material injury to the parties in interest. The person responsible for conducting the sale will, either itself or by designation of Shiloh RC to do so, give public notice of the time, place, and terms of such foreclosure sale by publishing same once each week for three consecutive calendar weeks (Sunday through Saturday). The first of such notice to be published not more than 45 days prior to the sale, and the last of such notice to be published not less than seven days prior to the sale.

b. The notice will be by an advertisement in a newspaper circulated to the general public in the county in which the McEagle Property is located in the section where legal notices are commonly placed and by a separate advertisement which may be in the same newspaper, in the section where real estate, other than real estate being sold in a legal proceeding is commonly advertised to the public; provided that where the newspaper does not have separate legal and real estate sections, a single advertisement will be sufficient.

c. The same may be adjourned at the discretion of the party conducting it, provided, however, that if the adjourned foreclosure sale date is to occur less than 30 days after the last scheduled foreclosure sale, notice need only be given once, not less than five days prior to the date of the adjourned foreclosure sale.

d. Shiloh RC may purchase the McEagle Property, or any portion thereof, at such foreclosure sale, and may credit bid the amount of any indebtedness due under the Note and the McEagle Mortgage, together with costs, advances and attorneys' fees (such sum being hereinafter referred to as the "Credit Bid") at such sale. If Shiloh RC is the successful bidder at the sale, the amount of the Credit Bid shall be deducted from the total amount of the Money Judgment due to Shiloh RC hereunder. Nothing herein shall be deemed to release McEagle or any other parties liable under the Note, or any guarantors of the indebtedness evidenced by the Note, from liability for any monetary deficiency that remains due and owing to Shiloh RC after application of the Credit Bid.

e. The person responsible for conducting the sale shall execute and deliver to any purchaser at said foreclosure sale a receipt of sale and a certificate of sale, with a duplicate of said certificate to be filed for record in the Office of the Recorder of Deeds of St. Clair County, Illinois.

      f.      Upon confirmation of the foreclosure sale, the party conducting the sale may issue a certificate of sale in recordable form describing the real estate purchased and the amount paid for the real estate. This certificate shall be freely assignable. After (i) the expiration of all the mortgagor's reinstatement and redemption rights and rights to possession, if applicable, (ii) confirmation of sale, and (iii) upon payment of the purchase price and any other amounts required to be paid by the purchaser at the sale, the party conducting the sale must, upon request of the holder of the certificate of sale, or the purchaser, if certificate of sale was not issued, execute and deliver to the holder or purchaser a deed sufficient to convey title. The conveyance will be an entire bar to all claims of other parties to the foreclosure and all persons claiming thereunder.

      g.      If the parties who will be in possession of the McEagle Property or any part of the McEagle Property or any persons who may have come into such possession under them, or any of them, since the commencement of this suit, will, as of the date 30 days after the confirmation of the sale, do not surrender possession of the McEagle Property to the purchaser, purchaser's representative or assigns, the order confirming the sale will so provide for their surrender of the possession of the McEagle Property to the purchaser. The order will also provide that the United States Marshall Service or the Sheriff of St. Clair County may execute on the order and evict any remaining occupants without further notices or order of court.

      h.      This Court retains authority during the entire pendency of the foreclosure and until disposition of all matters arising out of the foreclosure.

      i.      The foreclosed property directed to be sold is particularly described in **Exhibit A** attached.

      j.      In the event of such sale, all other parties, and all persons claiming by, through, or under them, and each and any and all of them, will be forever barred and foreclosed of any right, title, interest, claim, lien, or right to redeem in and to the McEagle Property.

      k.      A deed will be issued to the purchaser at the sale according to law, and the purchasers will be let into possession of the McEagle Property in accordance with statutory provisions.

      l.      Shiloh RC shall be granted possession of the McEagle Property prior to its sale.

11.    Execution of the Foreclosure Judgment is stayed by consent for a period of 180 days from the date of this Order (or such longer period of time as McEagle and Shiloh RC may

hereafter agree in writing), contingent on the continued cooperation of McEagle with respect to the listing, marketing and proposed sale of the McEagle Property.

12. It is therefore ordered, adjudged and decreed that a judgment for foreclosure and sale is granted to Shiloh RC against Plaintiff and all Defendants.

13. It is further ordered that Counts II and IV of the Shiloh RC Claims are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

**DATED: October 21, 2016**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**

The undersigned consent to entry of the above consent judgment.

| | |
|---|---|
| LATHROP & GAGE, LLP<br><br>By: /s/ *Wendi Alper-Pressman*<br>    Wendi Alper-Pressman, #32906MO<br>    7701 Forsyth Blvd., Suite 500<br>    St. Louis, MO 63105<br><br>**ATTORNEYS FOR PNC BANK, N.A.** | SPENCER FANE LLP<br><br>By: /s/ *Thomas W. Hayde*<br>    Thomas W. Hayde, #6288227<br>    1 N. Brentwood Blvd., Suite 1000<br>    St. Louis, MO 63105<br><br>**ATTORNEYS FOR SHILOH RC, LLC SUCCESSOR BY ASSIGNMENT TO PARKSIDE FINANCIAL BANK & TRUST** |
| BRUCKER, GRUENKE & LONG, PC<br><br>By: /s/ *Terry I. Bruckert*<br>    Terry I. Bruckert, #6215815<br>    1002 East Wesley Dr., Suite 100<br>    O'Fallon, IL 62269<br><br>**ATTORNEYS FOR THE VILLAGE OF SHILOH, ILLINOIS, A MUNICIPAL CORPORATION LOCATED IN ST. CLAIR COUNTY, ILLINOIS** | STONEY, LEYTON & GERSHMAN<br><br>By: /s/ *Robb E. Hellwig*<br>    Robb E. Hellwig, #60570MO<br>    7733 Forsyth Blvd., Suite 500<br>    St. Louis, MO 63105<br><br>**ATTORNEYS FOR HAVENHILLS INVESTMENT COMPANY, LLC; MCEAGLE LAND ACQUISITIONS, LLC; SHILOH LAND ACQUISITIONS, LLC; PAUL J. MCKEE, JR., AS TRUSTEE OF THE PAUL J. MCKEE, JR. REVOCABLE LIVING TRUST DATED SEPTEMBER 19, 1990; AND PAUL J. MCKEE, INDIVIDUALLY** |
| GREENSFELDER, HEMKER & GALE, PC<br><br>By: /s/ *Cherie K. Macdonald*<br>    Cherie K. Macdonald, #6205730<br>    12 Wolf Creek Dr.<br>    Swansea, IL 62226<br><br>**ATTORNEYS FOR PACE PROPERTIES, INC.** | |

**Exhibit A**

Case 3:15-cv-00483-DGW Document 160-23 Filed 07/20/15 Page 2 of 5 Page ID #2605

PARCEL 1:

ALL THAT PART OF THE NORTHWEST QUARTER OF SECTION 6, TOWNSHIP 1 NORTH, RANGE 7, WEST OF THE THIRD PRINCIPAL MERIDIAN, ST. CLAIR COUNTY, ILLINOIS, LYING SOUTH AND WEST OF A LINE DESCRIBED AS FOLLOWS:

BEGINNING AT A STONE ON THE WEST LINE OF SAID SECTION 6 AT A POINT 15.70 CHAINS SOUTH OF THE NORTHWEST CORNER OF SAID SECTION 6; THENCE EAST 18.86 CHAINS; THENCE SOUTH 8.76 CHAINS; THENCE EAST 18.86 CHAINS TO A STONE ON THE EAST LINE OF THE NORTHWEST QUARTER OF SECTION 6, SAID STONE BEING A DISTANCE OF 15.19 CHAINS NORTH OF THE SOUTHEAST CORNER OF SAID QUARTER SECTION;

EXCEPTING THAT PART THEREOF DESCRIBED AS FOLLOWS:

COMMENCING AT AN OLD STONE WHICH MARKS THE NORTHWEST CORNER OF SAID SECTION 6, SAID STONE LYING IN THE CENTER LINE OF A PUBLIC ROAD KNOWN AS TOWNSHIP LINE ROAD; RUNNING THENCE SOUTH, ALONG THE WEST LINE OF SAID SECTION 6 AND THE CENTER LINE OF SAID TOWNSHIP LINE ROAD, A DISTANCE OF 1,582.6 FEET; THENCE NORTHEASTERLY, AT A CLOCKWISE ANGLE TO THE LAST DESCRIBED COURSE OF 82 DEGREES 32 MINUTES, A DISTANCE OF 25.2 FEET TO A POINT, SAID POINT BEING ON THE EASTERLY RIGHT OF WAY LINE OF SAID PUBLIC ROAD, SAID POINT ALSO BEING THE POINT OF BEGINNING OF THE TRACT HEREIN EXCEPTED; THENCE NORTHEASTERLY, ALONG SAID LAST DESCRIBED COURSE, A DISTANCE OF 700.0 FEET TO AN IRON PIPE; THENCE SOUTHEASTERLY, AT RIGHT ANGLES, A DISTANCE OF 186.67 FEET; THENCE SOUTHWESTERLY, AT RIGHT ANGLES, A DISTANCE OF 724.6 FEET TO A POINT ON THE EASTERLY RIGHT OF WAY LINE OF SAID PUBLIC ROAD; THENCE NORTHERLY, ALONG SAID EASTERLY RIGHT OF WAY LINE, AT A COUNTERCLOCKWISE ANGLE TO THE LAST DESCRIBED COURSE OF 82 DEGREES 32 MINUTES, A DISTANCE OF 188.3 FEET TO THE POINT OF BEGINNING OF SAID EXCEPTION;

ALSO EXCEPTING THAT PART THEREOF DESCRIBED AS FOLLOWS:

COMMENCING AT AN IRON PIPE MARKING THE SOUTHWEST CORNER OF THE NORTHWEST QUARTER OF SECTION 6; THENCE EASTERLY, ON THE SOUTH LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 25 FEET TO AN IRON PIN ON THE EXISTING EASTERLY RIGHT OF WAY LINE OF ST. CLAIR TOWNSHIP LINE ROAD, SAID POINT BEING THE POINT OF BEGINNING OF THE TRACT. HEREIN EXCEPTED; THENCE CONTINUING EASTERLY, ON A LINE PERPENDICULAR TO THE CENTERLINE AT STATION 63+05.38, A DISTANCE OF 10 FEET; THENCE NORTHERLY, ON A LINE 35 FEET EASTERLY OF AND PARALLEL TO SAID CENTERLINE, A DISTANCE OF 870.32 FEET; THENCE SOUTHWESTERLY, ON A LINE THAT FORMS A COUNTERCLOCKWISE ANGLE OF 82 DEGREES 14 MINUTES WITH THE LAST DESCRIBED LINE, A DISTANCE OF 10 FEET, MORE OR LESS, TO THE EXISTING EASTERLY RIGHT OF WAY LINE; THENCE NORTHERLY, ON SAID

Case 3:15-cv-00483-DGW   Document 160-23   Filed 07/20/15   Page 3 of 5   Page ID #2165

EASTERLY RIGHT OF WAY LINE, DISTANCE OF 188.3 FEET; THENCE NORTHEASTERLY, ON A LINE THAT FORMS A CLOCKWISE ANGLE OF 97 DEGREES 46 MINUTES WITH THE LAST DESCRIBED LINE, A DISTANCE OF 10 FEET, MORE OR LESS, TO A POINT AN SAID LINE THAT IS 35 FEET EASTERLY OF AND PARALLEL TO SAID CENTERLINE, A DISTANCE OF 547.6 FEET, MORE OR LESS, TO A POINT OPPOSITE STATION 79+12.1; THENCE WESTERLY, PERPENDICULAR TO THE CENTERLINE AT STATION 79+12.1, A DISTANCE OF 10 FEET TO THE EXISTING EASTERLY RIGHT OF WAY LINE; THENCE SOUTHERLY ON SAID EXISTING RIGHT OF WAY LINE, A DISTANCE OF 1,606.22 FEET TO THE POINT OF BEGINNING OF SAID EXCEPTION;

ALSO EXCEPTING THEREFROM THAT PART THEREOF DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF SAID SECTION 6: THENCE SOUTHERLY, ALONG THE WEST LINE OF SAID SECTION 6, A DISTANCE OF 1,036.86 FEET: THENCE EASTERLY, ALONG A LINE MAKING A CLOCKWISE ANGLE FROM THE LAST DESCRIBED COURSE OF 90 DEGREES 30 MINUTES 13 SECONDS, A DISTANCE OF 35 FEET TO A POINT ON THE EAST RIGHT-OF-WAY LINE OF ST. CLAIR TOWNSHIP LINE ROAD, SAID POINT ALSO BEING THE POINT OF BEGINNING OF THE TRACT HEREIN EXCEPTED; THENCE SOUTHERLY, ALONG SAID EAST RIGHT-OF-WAY LINE, MAKING A COUNTERCLOCKWISE ANGLE FROM THE LAST DESCRIBED COURSE OF 90 DEGREES 30 MINUTES 13 SECONDS, A DISTANCE OF 187.01 FEET;
THENCE EASTERLY, ALONG A LINE MAKING A CLOCKWISE ANGLE FROM THE. LAST DESCRIBED COURSE OF 90 DEGREES 30 MINUTES 13 SECONDS, A DISTANCE OF 700.00 FEET: THENCE NORTHERLY, ALONG A LINE MAKING A CLOCKWISE ANGLE FROM THE LAST DESCRIBED COURSE OF 89 DEGREES 29 MINUTES 47 SECONDS, A DISTANCE OF 187.01 FEET: THENCE WESTERLY, ALONG A LINE MAKING A CLOCKWISE ANGLE FROM THE LAST DESCRIBED COURSE OF 90 DEGREES 30 MINUTES 13 SECONDS, A DISTANCE OF 700.00 FEET TO THE POINT OF BEGINNING OF SAID EXCEPTION;

ALSO EXCEPTING THEREFROM THAT PART THEREOF DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF THE NORTHWEST QUARTER OF SAID SECTION 6; THENCE EASTERLY, ALONG THE SOUTH LINE OF THE NORTHWEST QUARTER OF SECTION 6, HAVING AN ASSUMED BEARING OF NORTH 89 DEGREES 30 MINUTES 58 SECONDS EAST 10.661 METERS (34.98 FEET) TO THE POINT OF BEGINNING OF THE TRACT HEREIN EXCEPTED; THENCE CONTINUING ALONG SAID SOUTH LINE, NORTH 89 DEGREES 30 MINUTES 58 SECONDS EAST 4.465 METERS (14.65 FEET); THENCE NORTH 01 DEGREE 26 MINUTES 45 SECONDS EAST 127.402 METERS (417.99 FEET); THENCE NORTH 00 DEGREES 17 MINUTES 48 SECONDS WEST 140.201 METERS (459.98 FEET); THENCE SOUTH 82 DEGREES 14 MINUTES 12 SECONDS WEST 8.407 METERS (27.58 FEET) TO A POINT ON THE EXISTING EAST RIGHT OF WAY OF THE PUBLIC ROAD AS SHOWN ON THE PLAT OF CONSTRUCTION, SECTION 78-17110-00-BR AS RECORDED IN PLAT BOOK 75 PAGE 37; THENCE ALONG SAID EAST RIGHT OF WAY LINE SOUTH 00 DEGREES L7

2

Case 3:15-cv-00483-DGW   Document 160-2   Filed 07/20/15   Page 4 of 5   Page ID #2167

MINUTES 48 SECONDS EAST 266.466 METERS (874.23 FEET) TO THE POINT OF BEGINNING OF SAID EXCEPTION;

EXCEPTING THEREFROM ALL COAL UNDERLYING AND ALL RIGHTS AND EASEMENTS IN FAVOR OF THE ESTATE OF SAID COAL.

SITUATED IN ST. CLAIR COUNTY, ILLINOIS.

PARCEL 2:

SURVEY DESCRIPTION

A TRACT OF LAND BEING PART OF THE NORTHWEST QUARTER OF SECTION 6, TOWNSHIP 1 NORTH, RANGE 7 WEST OF THE THIRD PRINCIPAL MERIDIAN, ST. CLAIR COUNTY, ILLINOIS, BEING DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF SAID SECTION 6: THENCE SOUTH 00 DEGREES 17 MINUTES 45 SECONDS EAST ALONG THE WEST LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 1036.25 FEET; THENCE SOUTH 89 DEGREES 44 MINUTES 53 SECONDS EAST, A DISTANCE OF 64.36 FEET THE EAST RIGHT-OF-WAY OF LINE GREENMOUNT ROAD TO THE POINT OF BEGINNING; THENCE CONTINUING SOUTH 89 DEGREES 44 MINUTES 53 SECONDS EAST, A DISTANCE OF 670.65 FEET TO THE NORTHEAST CORNER OF A TRACT OF LAND NOW OR FORMERLY OWNED BY KENNETH G. AND HOA MENSING AS DESCRIBED IN DEED BOOK 3446, PAGE 546 OF SAID RECORDER'S RECORDS; THENCE ALONG THE EAST LINE OF SAID K. MENSING PROPERTY SOUTH 00 DEGREES 17 MINUTES 45 SECONDS EAST, A DISTANCE OF 187.01 FEET TO THE SOUTHEAST CORNER OF SAID K MENSING PROPERTY; THENCE ALONG THE SOUTH LINE OF SAID K. MENSING PROPERTY NORTH 89 DEGREES 47 MINUTES 32 SECONDS WEST, A DISTANCE OF 671.61 FEET TO SAID EAST RIGHT-OF-WAY LINE OF GREEN MOUNT ROAD; THENCE NORTH 00 DEGREES 00 MINUTES 03 SECONDS EAST ALONG SAID EAST RIGHT-OF-WAY LINE, A DISTANCE OF 187.55 FEET TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM ALL COAL UNDERLYING AND ALL RIGHTS AND EASEMENTS IN FAVOR OF THE ESTATE OF SAID COAL.

[CONTAINING 125,680 SQUARE FEET OR 2.885 ACRES MORE OR LESS.]

PARCEL 2:

RECORD DESCRIPTION

A PART OF THE NORTHWEST QUARTER OF SECTION 6 TOWNSHIP 1 NORTH, RANGE 7 WEST OF THE THIRD PRINCIPAL MERIDIAN, ST. CLAIR COUNTY, ILLINOIS AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

Case 3:15-cv-00483-DGW   Document 160-23   Filed 07/20/15   Page 5 of 5   Page ID #2163

COMMENCING AT THE NORTHWEST CORNER OF SAID SECTION 6; THENCE SOUTH, ALONG THE WEST LINE OF SAID SECTION 6, A DISTANCE OF 1,036.86 FEET: THENCE EASTERLY, ALONG A LINE. MAKING A CLOCKWISE ANGLE FROM THE LAST DESCRIBED COURSE OF 90 DEGREES 30 MINUTES 13 SECONDS, A DISTANCE OF 35.00 FEET TO A POINT ON THE EAST RIGHT-OF-WAY LINE OF THE ST. CLAIR TOWNSHIP LINE ROAD, SAID POINT ALSO BEING THE POINT OF BEGINNING OF THE TRACT HEREIN DESCRIBED; THENCE SOUTHERLY, ALONG SAID EAST RIGHT-OF-WAY LINE, MAKING A COUNTERCLOCKWISE ANGLE FROM THE LAST DESCRIBED COURSE OF 90 DEGREES 30 MINUTES 13 SECONDS, A DISTANCE OF 187.01 FEET: THENCE EASTERLY, ALONG A LINE MAKING A CLOCKWISE ANGLE FROM THE LAST DESCRIBED COURSE OF 90 DEGREES 30 MINUTES 13 SECONDS, A DISTANCE OF 700.00 FEET: THENCE NORTHERLY, ALONG A LINE MAKING A CLOCKWISE ANGLE FROM THE LAST DESCRIBED COURSE OF 89 DEGREES 29 MINUTES 47 SECONDS, A DISTANCE OF 187.01 FEET: THENCE WESTERLY, ALONG A LINE MAKING A CLOCKWISE ANGLE FROM THE LAST DESCRIBED COURSE OF 90 DEGREES 30 MINUTES 13 SECONDS, A DISTANCE OF 700.00 FEET TO THE POINT OF BEGINNING;

EXCEPTING THEREFROM THAT PART THEREOF DESCRIBED AS FOLLOWS:

COMMENCING AT A RAILROAD SPIKE MARKING THE NORTHWEST CORNER OF SECTION 6; THENCE SOUTHERLY, ALONG THE WEST LINE. OF SECTION 6, HAVING AN ASSUMED BEARING OF SOUTH 00 DEGREES 17 MINUTES 48 SECONDS EAST, A DISTANCE OF 315.663 METERS (1,035.64 FEET); THENCE SOUTH 89 DEGREES 44 MINUTES 56 SECONDS EAST A DISTANCE OF 10.667 METERS (35.00 FEET) TO A POINT ON THE EXISTING EAST RIGHT-OF-WAY LINE OF THE PUBLIC ROAD AS SHOWN ON THE PLAT OF CONSTRUCTION SECTION 78-17110-00-BR AS RECORDED IN PLAT BOOK 75 PAGE 37, SAID POINT ALSO BEING THE POINT OF BEGINNING OF THE TRACT HEREIN EXCEPTED; THENCE CONTINUING SOUTH 89 DEGREES 44 MINUTES 56 SECONDS EAST A DISTANCE OF 8.948 METERS (29.36 FEET);
THENCE
SOUTH 00 DEGREES 00 MINUTES 00 SECONDS EAST A DISTANCE OF 56.998 METERS (187.00 FEET); THENCE NORTH 89 DEGREES 44 MINUTES 56 SECONDS WEST A DISTANCE OF 8.654 METERS (28.39 FEET) TO A POINT ON SAID EAST RIGHT-OF-WAY LINE; THENCE, ALONG SAID EAST RIGHT-OF-WAY LINE, NORTH 00 DEGREES 17 MINUTES 48 SECONDS WEST, A DISTANCE OF 57.000 METERS (187.01 FEET) TO THE POINT OF BEGINNING OF SAID EXCEPTION;

ALSO EXCEPTING THE COAL UNDERLYING AND ALL RIGHTS AND EASEMENTS IN FAVOR OF THE ESTATE OF SAID COAL.

SITUATED IN ST. CLAIR COUNTY, ILLINOIS.

4